FILED
NOV 3 0 2005
CLERK
ALA COURT CRIMINAL APPEALS

IN THE ALABAMA COURT OF CRIMINAL APPEALS

CURTIS ANDERSON
Appellant

Vs.                                            Case NO: CR-05-315

STATE OF ALABAMA
Appellee.

---

APPEAL FORM THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CASE NO: 01-0359.61

---

BRIEF AND ARGUMENT OF APPELLANT

FORM

CURTIS ANDERSON

E.C.F.

200 WALLACE DR.

CLIO, ALABAMA, 36017

EXHIBIT B

## TABLE OF CONTENTS                                                          PAGES

TABLE OF AUTHORITIES..........................................ii
STATEMENT OF FACTS............................................iii
QUESTION PRESENTED FOR REVIEW.................................1
SUMMAY ARUGMENT...............................................1
ARGUEMENT ISSUE ONE...........................................2-5
ARGUEMENT ISSUE TWO...........................................5-6
RELIEF SOUGHT.................................................6
CONCLUSION....................................................6
CERTIFICATE OF SERVICE........................................6

TABLE OF AUTORITIES

Case(s)

Ballentyne vs.Wickersham 75 Ala.533........................2-6

Dick Vs.State 677 So.2d 1267 (Ala.Crim.App.1996)..........3-6

Hunter vs.Underwood 85 LE.2d 222............................5

Opinion of Justice 511 So.2d 174(Ala.1984)..................4

Smith vs.State 466 So.2d 1334-36(Ala.1984)..................4

Tyson vs.Johns 399 So.2d 263................................2

Constitution of Ala.1901

Art.1&45..........................................2-3-4-5-6

Title(s)

13A-5-6(5) Code of Ala.1975..............................3-4

13A-8-41 Code of Ala.1975................................2-3

13A-8-43 Code of Ala.1975................................2-3-

## STATEMENT OF FACTS

On August 28,2005, The Appellant filed a Rule 32 Petition aruging that the first degree robbery statute is unconstitutional, because it violates Art.1&45 of ALa.Const.of.1901. The State filed a answer on 11-1-05. On 11-02-05 The Circuit Court dismiss the Appellant Petition.

## QUESTION PRESENTED FOR REVIEW

1. Whether tre trial court violated the appellant 14th amendment, by not allowing him to object to the state respones?

2. Whether the first degree robbery statute is unconstitutional?

3. Whether the frist degree robbery violates Art.1&45 of the Ala.Const.of.1901?

## SUMMARY ARGUMENT

The Appellant aruges that the first degree robbery statute is unconstitutional, because it violates Art.1&45 of Ala.Const.of.1901. The Appellant also argues that Two statute can not be express in the same title without violating Art.1&45 of Ala.COnst.of.1901.

WHETHER THE TRIAL COURT HAD JURISDICTION TO IMPOSE SENTENCE AND JUDGMENT AGAINST THE APPELLANT FOR A UNCONSTITUTIONAL STATUTE OF ROBBERY IN THE FIRST DEGREE:

The Appellant argues that the construction of the said law, the legislature created a vital mistake by not informing the reader what exactly is involved, and what constitution a violation in 13A-8-43. The reader would then have to read another law to get the meaning of 13A-8-41. This is strictly forbidden in Article 1&45 of the Ala. Const. of 1901, which says in pretenent part "No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; But so much thereof as is revived, amended, or conferred, shall be "Re-Acted and Published at length". In the essence, the legislative intent is that if you are going to refer one law ot another law, then you must also include that law in it's entirety in order to apprise the read of the legislative intent and motive. This is clearly not what happening here. Although the statute does read 13A-8-41, does not follow the "One Subject" rule, and it fails to adequately inform the read of what is going on within the body of the law. In the Const. of.Ala. 1901, the rule to make laws were in part ... "A bill must be independant and self supporting, not embracing off another statute, and when two statute are expressed in the same title or body, that said statute will be treacted as "VIOD". See Ballentyne vs.Wickersham 75 Ala.533.

   The Court has held in Tyson vs.Johns 399 So.2d 263, that

PAGE 2

"When a statute is so misleading and uncertain that the average person reading the same would not be thoroghly informed of the purpose of the enactment, it is therefore insufficient and viod".

As is apparent in this case that the law in question does not pass the as referred by the Supreme Court "Constutitional Muster" and is therefore "VIOD" and due to constitution of the law and violations to the Supreme Court Law of the land and the State Alabama Constitution.

The Appellant argues that in constructing construing unconstitutionality of a statute, the court must look to the Title and Language in the body of the law. The Codification of 13A-8-41 reads as follows:

(A) A person commits the crime of Robbery in the First Degree
   if he violates Section 13A-8-43 and he:
(1) Is armed with a deadly weapon or dangerous instrument; or
(2) Causes serious physical injury to another...

If there is no validly constructed of the law, then there can be no "Jurisdiction" on behalf of the court to render "Judgment" and "Impose Sentence". The Court can not rely on the fact that the appellant was armed with a "Deadly Weapon" or "Dangerous Instrument" to support a First Degree Robbery Conviction, because this Honorable Court has held that "Wielding a (GUN) constitutes both the use of force and the threat of force required for Third-Degree Robbery, 13A-8-43 Code ALa.1975. See Dick vs.State 677 So.2d 1267(Ala.Crim.App.1996). The legislature has provied by Title 13A-5-6(5) For a Class B or C Felony inwhich a firearm or Deadly Weapon was used or attempted to be used in the commission of the

PAGE 3

felony is not less then ten (10) years. The Alabama Supreme Court has held that Section (5) of 13A-5-6 must be construed to mean that (10) years term is both the minimum and maximum that a defendant could get for a Class C Felony inwhich a firearm was use. See Smith vs.State 466 So.2d 1334-36(Ala.1984). Therefore just because a defendant has a gun does not constutites First Degree Robbery, because as provied by both this Honorable Court and The Alabama Supreme Court and also the Alabama Legislature a (GUN) only Constitutes both the use of force and the Threat of Force required for Third Degree Robbery. Therefore First Degree Robbery can not be embrace off Third Degree Robbery, because Third Degree Robbery require the same one element that constitutes First Degree Robbery. Therefore because First Degree Robbery is embrace off of Third Degree Robbery, it violates Article 1&45 of the Ala. Const.,which says that "No law shall be revived or amended, or the provisions thereof extented or conferred by reference to it title only; But so much thereof as revived, amended, or conferred, shall be "Re-Enacted and Published at Length". The only way the trial court could have had jurisdiction over the appellant is if he was sentenced for Third Degree Robbery. The Alabama Supreme Court has held that "A statute that violates the single subject requirment of the constitution is not saved by the facted that the title accuratley reflects serveral subject contained in the statute. See Opinion of Justice 511 So.2d 174 (Ala.1987). The Alabama Supreme Court has held that each law shall contain but one subject. See Opinion of Justice 511 So.2d 174(Ala.1987). The First Degree Robbery Statute has Two subject contain in one law,and is therefore a violates of Art.1&45 of the Ala.Const.of.1901.

PAGE 4

The only way that First Degree Robbery can be embrace with Third Degree Robbery is if it is Re-enacted and Published as a Whole. But because it was never Re-Enacted and Published as a Whole, then the trial court did not have jurisdiction to render judgment or impose sentencing against the appellant.

## ARGUEMENT ISSUE TWO

### WHETHER TWO STATUTE CAN BE EXPRESS IN THE SAME TITLE WITH VIOLATING THE ALABAMA CONSTITUTION ART.1&45 OF 1901:

The Appellant argues that the Ala.Const.of 1901, was made to disfranchise all "BLACK" and lower class white. The delegates to the all white conviction were not secretive about their purpose. Mr. John B.Knox, President of the conviction; stated in his opening address: "What it is that we want to do? why it is within the limits impose by the Federal Constitution, to establish "WHITE SUPRERMARY IN THIS STATE; 1 official proceedings of the Constitution conviction of the state of Alabama, May 21,1901, to September 3rd,1901, P8 (1940). See Hunter vs.Underwood 85 LE.2d 222.

The Appellant argues that under the Ala.Const. of.1901, it is "strictly forbidden in Article 1&45 of the Ala.Const. of 1901. Which says in pertents Part "NO law shall be revived, amend, or The provisions thereof Extended or Conferred by reference to its title only; But so much thereof as is revived amend, extented, or conferred, shall be re-enacted, and published as a whole." This is meaning that each law shall contain but one subject, which shall be clearly expressed in its title. See The Ala.Const. of.1901 at Art.1&45.

PAGE 5

The Appellant argues that in the Const of Ala.1901, the rules to make a law were in part.. "A Bill must be independent and Self Supporting , not embracing off a stuatute, and when two are expressed in the same title or body, that said act will be treacted as Viod. See Ballentyne vs.Wickersham 75 Ala.533. The Alabama Supreme Court held that "Each law shall contain, but one subject which must be clearly express. See Opinion of Justice 511 So.2d 174 (Ala.1987). The Appellant argues that he is being disfranchise against by allowing the First Degree Robbery to be embrace off Third-Degree Robbery, when third-degree robbery requrie a (Gun) as well as First Degree Robbery. See Dick Vs. State 677 So.2d 1267 (Ala.Crim.App.1996).

### RELIEF SOUGHT

The Appellant request that he be given relief of his sentence and conviction, because the Statute inwhich he is sentence is unconstitutional.

### CONCLUSION

Wherefore, The Appellant moves into this Honorable Court to remand this case back to the trial court for relief of sentence and conviction.

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Appeal Brief upon the Attoreny Gerenal,by placing it with this Court copy, and putting it into the Easterling Corr.Fac. Mail Box,Properly addressed to the court of Criminal Appeals, 300 Dexter Ave, P.O. BOX 301555, Montgomery,Alabama, 36130 on this November 30,2005.

_Curtis Anderson_
Curtis Anderson
E.C.F.
200 Wallace Dr.
Clio,Ala,36017

PAGE 6