VOL 1 of 1

COURT OF CRIMINAL APPEALS NO. _____   CR 05-0315

# APPEAL TO ALABAMA COURT OF CRIMINAL APPEALS

### FROM

CIRCUIT COURT OF ___MONTGOMERY___ COUNTY, ALABAMA

CIRCUIT COURT NO     CC 01-359.61

CIRCUIT JUDGE     EUGENE REESE

Type of Conviction/ Order Appealed From:     RULE 32

Sentence Imposed: _____

Defendant Indigent:   ☑ YES   ☐ NO

## Curtis Lamario Anderson (AIS# 141707)

NAME OF APPELLANT

PRO SE
(Appellant's Attorney)     (Telephone No.)

Easterling Correctional Facility - 200 Wallace Dr.
(Address)

CLIO     AL     36017
(City)     (State)     (Zip Code)

### v.
# STATE OF ALABAMA

NAME OF APPELLEE

(State represented by Attorney General)

NOTE: If municipal appeal, indicate above, and enter

name and address of municipal attorney below.

df

(For Court of Criminal Appeals Use Only)



EXHIBIT

E

PENGAD 800-631-6989

# INDEX
## CLERK'S RECORD

CASE ACTION SUMMARY................................................................ 1

RULE 32 PETITION...................................................................... 2-15

STATE'S ANSWER TO PETITION FOR RELIEF FROM CONVICTION AND
SENTENCE AND MOTION TO DISMISS............................................... 16-21

ORDER DISMISSING RULE 32............................................................ 22

NOTICE OF APPEAL..................................................................... 23

REPORTER'S TRANSCRIPT ORDER...................................................... 24

DOCKETING STATEMENT............................................................... 25-26

CLERK'S NOTICE OF APPEAL........................................................... 27

CERTIFICATE OF COMPLETION......................................................... 28

```
ACR0372                 ALABAMA JUDICIAL INFORMATION SYSTEM    CASE:▮▮▮▮▮▮▮
OPER: TOR                        CASE ACTION SUMMARY
PAGE:    1                       CIRCUIT   CRIMINAL            RUN DATE: 10/04/2005
================================================================================
IN THE CIRCUIT COURT OF MONTGOMERY                                   JUDGE: EWR

STATE  OF  ALABAMA                     VS      ANDERSON CURTIS LAMARIO
                                               EASTERLING C.F.
CASE: CC 2001 000359.61                        200 WALLACE DRIVE
                                               CLIO, AL  36017 0000

DOB: 04/25/1965          SEX: M  RACE: B  HT: 5 07  WT: 160  HR: BLK EYES: BRO
SSN: 417085787  ALIAS NAMES:
================================================================================
CHARGE01:▮▮▮▮▮▮▮▮▮▮▮▮▮▮       CODE01: RULE  LIT: RULE 32-FELONY TYP: F #: 001
OFFENSE DATE:                         AGENCY/OFFICER: 0030100

DATE WAR/CAP ISS:                   DATE ARRESTED:
DATE    INDICTED:                   DATE     FILED: 09/14/2005
DATE    RELEASED:                   DATE   HEARING:
BOND    AMOUNT:      $30,000.00          SURETIES:

DATE 1:              DESC:              TIME: 0000
DATE 2:              DESC:              TIME: 0000

TRACKING NOS: CC 2001 000359 00   /                    /

   DEF/ATY:                      TYPE:                        TYPE:

                        00000                        00000

PROSECUTOR:

CR 05-0315
================================================================================
OTH CSE: CC2001000359000 CHK/TICKET NO:              GRAND JURY:
COURT REPORTER: _____ SID NO:      000000000
DEF STATUS: PRISON          DEMAND:                           OPER: TOR
================================================================================
DATE      ACTIONS,  JUDGEMENTS,  AND  NOTES
================================================================================
```

| DATE | ACTIONS, JUDGEMENTS, AND NOTES |
|---|---|
| 10-04-05 | Copy of Rule 32 Sent to DA |
| 11/02/05 | Order Dismissing Rule 32 |
| 11/12/05 | Notice of Appeal w/ Forms |
| 11/18/05 | Clerk's Notice of Appeal to Crm Appls, AG, DA & Def. |

Case Number

*CC 01 359.6l*

ID    YR    NUMBER   *FWR*
(To be completed
by Court Clerk)

# IN FORMA PAUPERIS DECLARATION

*Circuit Court*

[Insert appropriate court]

*Curtis L. Anderson*

(Petitioner)

vs.

*State of Alabama*

(Respondent(s))

## DECLARATION IN SUPPORT OF REQUEST TO PROCEED
## IN FORMA PAUPERIS

I, *Curtis L. Anderson* , declare that I am the petitioner in the above entitled case; that in support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of said proceeding or to give security therefor; that I believe I am entitled to relief.

1. Are you presently employed?    Yes _____    No ✓

   a. If the answer is "yes", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____

   _____

   b. If the answer is "no", state the date of last employment and the amount of the salary and wages per month which you received.

   _____

   _____

2. Have you received within the past twelve months any money from any of the following sources?

   a. Business, profession, or other form of self-employment?

   Yes _____    No ✓

   b. Rent payments, interest, or dividends?

   Yes _____    No ✓

   c. Pensions, annuities, or life insurance payments?

   Yes _____    No ✓

   d. Gifts or inheritances?

   Yes _____    No ✓

   e. Any other sources?

   Yes _____    No ✓

If the answer to any of the above is "yes", describe each source of money and state the amount received from each during the past twelve months.

_____

_____

_____

_____

3.  Do you own cash, or do you have money in a checking or savings account?

Yes _____          No _____

(Include any funds in prison accounts.)

If the answer is "yes", state the total value of the items owned.

_____

_____

_____

4.  Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?

Yes _____          No _____

If the answer is "yes", describe the property and state its approximate value.

_____

_____

_____

5.  List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

_____

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed on _8-25-05_
             (Date)

_____
Signature of Petitioner

## CERTIFICATE

I hereby certify that the petitioner herein has the sum of $ _0.20_ on account to his credit at the institution where he is confined. I further certify that petitioner likewise has the foregoing securities to his credit according to the records of said _Easterling_ institution:

_____

_____

_8-29-05_
DATE

_____
AUTHORIZED OFFICER OF INSTITUTION

Rule 32

3

STATE OF ALABAMA
DEPARTMENT OF CORRECTIONS
EASTERLING CORR FACILITY

AIS #: 141707    NAME: ANDERSON, CURTIS LAMARIO    AS OF: 08/29/2005

| MONTH | # OF DAYS | AVG DAILY BALANCE | MONTHLY DEPOSITS |
|-------|-----------|-------------------|------------------|
| AUG | 2 | $0.00 | $0.00 |
| SEP | 30 | $0.00 | $0.00 |
| OCT | 31 | $0.00 | $0.00 |
| NOV | 30 | $0.00 | $0.00 |
| DEC | 31 | $0.00 | $0.00 |
| JAN | 31 | $0.00 | $0.00 |
| FEB | 28 | $0.00 | $0.00 |
| MAR | 31 | $0.00 | $0.00 |
| APR | 30 | $0.00 | $0.00 |
| MAY | 31 | $5.67 | $75.16 |
| JUN | 30 | $1.56 | $25.00 |
| JUL | 31 | $0.94 | $30.00 |
| AUG | 29 | $0.20 | $0.00 |

# IN THE CIRCUIT COURT OF *Montgomery County*, ALABAMA

*Curtis L. Anderson*
   Plaintiff,    )
           )
           )
           ) Case No.: *01- 359*
   vs.       )
           )
           )
**STATE OF ALABAMA,**    )
   Respondent

## PETITION FOR RELIEF FROM CONVICTION
### Pursuant to Rule 32, Alabama Rules of Criminal Procedure

Comes now the Petitioner and respectfully petitions this Court for relief from his conviction in Case Number *01- 359*. Petitioner makes this request pursuant to Rule 32, Alabama Rules of Criminal Procedure.   As grounds, the Petitioner would state as follows:

1. Name and locations (city and county) of court which entered the judgment of conviction or sentence under attack <u>The Circuit Court of *Montgomery*</u>, <u>Alabama, located in the City of *Montgomery*</u>, Alabama.

2. Date of judgment of conviction: *10-18-01*

3. Length of sentence: *Life*

4. Petitioner charged with the offense of: *Robbery I*

5. What was your plea? (Check one)
  a. Guilty:
  b. Not Guilty:
  c. Not Guilty by reason of mental disease or defect:
  d. Not Guilty and not guilty by reason of mental disease or defect:

6. Kind of trial:  (Check one)
  a. Jury ___✓___     b. Judge only _____

7. Did you testify at the trial?
  Yes _____    No ___✓_____

8. Did you appeal from the judgment of conviction?
  Yes ___✓___    No _____

1



9. If you did appeal, answer the following:

(a) As to the state court to which you first appealed, give the following information:
    (1) Name of Court:
    (2) Result:     *N/A*
    (3) Date of result:

(b) If you appealed to any other court, then as to the second court to which you appealed,
    give the following information.
    (1) Name of Court:    *N/A*
    (2) Result:
    (3) Date of result:

(c) If you appealed to any other court, then as to the third court to which you appealed,
    give the following information.
    (4) Name of Court:    *N/A*
    (5) Result:
    (6) Date of result:

10. Other than a direct appeal from the judgment of conviction and sentence, have you
    previously filed any petitions, applications, or motions with respect to this judgment in
    any court, state or federal?
        Yes ___    No ___.

11. If your answer to Question 10 was "yes," then give the following information in
    regard to the first such petition, application, or motion you filed:

(a)
    (1) Name of Court:
    (2) Nature of Proceeding:
    (3) Grounds raised:
    (4) Did you receive an evidentiary hearing on your petition, application, or motion?
        Yes___   No ✓.
    (5) Result:
    (6) Date of Result:

(b) As to any second petition, application, or motion, give the same
information:
    (1) Name of Court:
    (2) Nature of Proceeding:
    (3) Grounds raised:
    (4) Did you receive an evidentiary hearing on your petition, application, or motion?
        Yes___   No ✓.
    (5) Result:
    (6) Date of Result:

2



(c)    As to any third petition, application or motion, give the same information.
(1) Name of Court:
(2) Nature of Proceeding:
(3) Grounds raised:
(6) Did you receive an evidentiary hearing on your petition, application, or motion?
  Yes_____  No _✓_.
(5) Result:
(6) Date of Result:

(d)    Did you appeal to any appellate court the result of the action taken on any petition, application, or motion?
(1) First petition, etc.        Yes _____  No _✓_
(2) Second petition, etc.      Yes _____  No _✓_
(3) Third petition, etc.       Yes _____  No _✓_

(e)    If you did not appeal when you lost on any petition, application, or motion, explain briefly why you did not:

11.  Specify every ground on which you claim that you are being held unlawfully, by placing a check mark on the appropriate line(s) below and providing the required information. Include all facts. If necessary, you may attach pages stating additional grounds and facts supporting them.

## GROUNDS OF PETITION

Listed below are the possible grounds for relief under Rule 32. Check the ground(s) that apply in your case, and follow the instruction under the ground(s):

A.    *The Constitution of the United States or of the State of Alabama requires a new trial, a new sentence proceeding, or other relief*

For your information, the following is a list of the most frequently raised claims of constitutional violation:

(1)    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(2)    Conviction obtained by use of coerced confession.
(3)    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(4)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(5)    Conviction obtained by a violation of the privilege against self-incrimination.
(6)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(7)    Conviction obtained by a violation of the protection against double jeopardy.
(8)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(9)    Denial of effective assistance of counsel.



This list is not a complete listing of all possible constitutional violations.
If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

B.    *The Court was without jurisdiction to render the judgment or to impose the sentence.*
If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

C.    *The sentence imposed exceeds the maximum authorized by law, or is otherwise not authorized by law.*
If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

D.    *Petitioner is being held in custody after his sentence has expired.*
If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

E.    *Newly discovered material facts exist which require that the conviction or sentence be vacated by the court, because:*
*The facts relied upon were not known by petitioner or petitioner's counsel at the time of trial or sentencing or in time to file a post-trial motion pursuant to Rule 24, or in time to be included in any previous collateral proceeding, and could not have been discovered by any of those times through the exercise of reasonable diligence; and*
*The facts are not merely cumulative to other facts that were known; and*
*The facts do not merely amount to impeachment evidence; and*
*If the facts had been known at the time of trial or sentencing, the result would probably have been different; and*
*The facts establish that petitioner is innocent of the crime for which he was convicted or should not have received the sentence that he did.*
If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

F.    *The petitioner failed to appeal within the prescribed time and that failure was without fault on petitioner's part.*
If you checked this ground of relief, attach a separate sheet of paper with this ground listed at the top of the page. On this separate sheet of paper list each and every fact you feel supports this claim. Be specific and give details.

12.    IMPORTANT NOTICE REGARDING ADDITIONAL PETITIONS RULE 32.2(b) LIMITS YOU TO ONLY ONE PETITION IN MOST CIRCUMSTANCES. IT PROVIDES:
*"Successive Petitions.* The Court shall not grant relief on a second or successive petition on the same or similar grounds on behalf of the same petitioner. A second or successive



petition on different grounds shall be denied unless the petitioner shows both that good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and that failure to entertain the petition will result in miscarriage of justice."

A.    Other than an appeal to the Alabama Court of Criminal Appeals or the Alabama Supreme Court, have you filed in state court any petition attacking this conviction or sentence?
　　　　　Yes ____    No ✓ .

B.    If you checked "Yes" give the following information as to the earlier petition attacking this conviction or sentence:
　　　　(a) Name of Court:
　　　　(b) Result:
　　　　(c) Date of Result:

C.    If you checked the "Yes" line in 13A, above, and this petition contains a different ground or grounds of relief from an earlier petition or petitions you filed, attach a separate sheet or sheets labeled: "EXPLANATION FOR NEW GROUNDS) OF RELIEF."
　　　　On the separate sheet(s) explain why "good cause exists why the new ground or grounds were not known or could not have been ascertained through reasonable diligence when the first petition was heard, and [why the] failure to entertain [this] petition will result in a miscarriage of justice."

13.    Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?
Yes ____    No ✓ .

14.    Give the name and address if know, of each attorney who represented you at the following states of the case that resulted in the judgment under attack:
　　(a)    At preliminary hearing:
　　(b)    At arraignment and plea:
　　(c)    At trial:
　　(d)    At sentencing:
　　(e)    On Appeal:
　　(f)    In any post-conviction proceeding:
　　(g)    On appeal from adverse ruling in an post-conviction proceeding:

15.    Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time:
Yes ____    No ✓ .



Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes _____    No ✓_____.

(a)    If so, give name and location of court which imposed sentence to be served in the future:

(b)    And give date and length of sentence to be served in the future:

(c)    Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes _____    No ✓_____.

17.    What date is this petition being mailed?

WHEREFORE the Petitioner respectfully requests this Court to grant Defendant any relief to which Defendant may be entitled in this proceeding including a reversal of the conviction against Defendant on the basis of the before mentioned grounds and on the arguments attached hereto.

Defendant: _Curtis L. Anderson_

SWORN TO AND SUBSCRIBED BEFORE ME A NOTARY PUBLIC ON

THIS **30** DAY OF AUGUST 2005

_[signature]_

NOTARY PUBLIC

_Curtis L. Anderson_

Curtis L. Anderson

My Commission Expires: **5-7-2006**

6

### Memorandum Brief In Support Of Petitioner Rule 32

#### argument

The Petitioner asserts the fact that the trial Court was without jurisdiction to render jugement and impose sentenceing ( Jurisdiction litterally means " to speak the law", In Re Royal, 197 B.R. 341) due to the fact that the said law know as 13A-8-41 in the code of Ala. 1975 was unconstitutionally constructed and hence a violation thereof.

The petitioner argues that in constructing construeting the unconstitutionality of a statue, a court must look to the title and language in the body of the law. The codification of 13A-8-41 reads as follows:

> (A) A person commits the crime of Robbery in the First
> degree if he violates Section 13A-8-43 and he:
>
> (1) Is armed with a deadly weapon or dangerous
> instrument; or
>
> (2) Causes serious physical injury to another...

The petitioner contends that in the constuction of the said law, that the legislature created a vital mistake by not informing the reader what exactly is involved, and what constitutes a violation in 13A-8-43. The reader would then have to read another law to get the meaning of 13A-8-41. This is strictly forbidden in Article 1 §45 OF THE Ala. Constitution of 1901, which says in pertenent part " No law shall be rivived, amended, or the Provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, extended, or conferred, shall be re-enacted and published at length"

PAGE 1

So in essence, the legislative intent is that if you are going to refer one law to another law then you must also include that law in its entirety in order to apprise the reader of the legal intent and motive. This is clearly not whats happenning here. Although the statue does follow the " one subject" rule, it fails to adequately inform the reader of what is going on within the body of the law.

In the Const. of Ala. of 1875, the rules to make a law were in part..." A bill must be independent and self supporting, not embracing another statute, and when two are expressed in the title or body, that said Act will be treated as void. Se Ballentyne v. Wickersham, 75 Ala. 533 and Builders and Painters Supply v. Lucas, 119 Ala. 202, So. 2d. 416.

However, in the Constitution of 1901 for Alabama, it is apparent that the legislature was trying to relax the rule a little bit, so they made it available to use one law to rely on another law as long as they were of the same subject and they wrote what was in the other law relied upon in its entirety in the law embracing it. Yet, this is not the case in this law in point.

In this case, the law in question is not a law and is a clear violation of the constitutional provision prohibiting such deeds. In the court of Tyson v. Johns, 399 So. 2d 263, the Court held " When a statue is so misleading or uncertain that the average person reading the same would not be thoroghly informed of the purpose of the enactment, it is therefore insufficient and void"

**PAGE 2**

In order for a penal statute to pass constitutional muster, it must define the offense with definiteness that ordinary people can understand what conduct is prohibited, and in a manner that does not encourage arbitrary or daicriminating enforcement. Kolender v. Lawson  461 U.S. 352, 357, 75 L.Ed.2d. 903, 103 S.Ct. 1858 (1983).

The Constitution does not impose alot of restrictions on the legislature in regards to the language of the laws, henceforth they should be able to efectively follow the said guidelines. Basically these rule are that the law contain one subject, not be ambiguous or vague and if it uses another law to support it, it must include that language in it also, so that the reader or legislature is apprised as to what is going on in the law.

## CONCLUSION

As is apparent in this case the law in question does not pass the as referred by the Supreme Court "Constitutional Muster" and is therefore "VIOD" due to unconstitution of the law and violations to the Supreme Law of the land and the state Constitution. Hence if there is no validly constructed law, then there can be no "JURISDICTION" on behalf of the courts to render "JUDGEMENT" and IMPOSE SENTENCING". The Court not rely on the fact that the Petitioner was armed with a "DEADLY WEAPON" or DANGEROUS INSTRUMENT" to support a Fist Degree Robbery Conviction, because the Court of Criminal Appeals has held that Wielding a (GUN) constitutes both use force and threat of force required for Third-Degree Robery. 13A-8-43. See Dick vs.State 677 So.2d 1267 Ala.Crim.App.(1996). The Legislature has provied by 13A-5-6(5) For a Class B or C felony inwhich a Firearm or Deadly Weapon was used or attempted to be used in the commission of the felony is not less then ten (10) years. The Alabama Supreme Court has held" Section (5) of 13A-5-6 must be construed to mean that 10 years term is both the minimum and maximum you could get for a Class C Felony. See Smith vs.State 446 So.2d 1334-36 (1984). Therefore bacuase First Degree Robbery, is embrace off of Third Degree Robbery, it violates Article 1&45 of the Ala.Const., which says that "No law shall be revived or amended, or the provisions thereof extended or conferred by reference to it title only; but so much thereof as revived, amended, extended, or conferred, shall be Re-enacted

PAGE____

**and Published at Length.** The trial court then lacked the subject matter of Jurisdiction to render Judgment or impose sentencing to the petitioner for the offense of First Degree Robbery. The Alabama Supreme Court has ruled "A staute that violates the single subject requirement of the constitution is not saved by the facted that the title of the statute accuratley reflects serveral subject contained in statute. Const. 45,71. Opinion of Justices 511 So.2d 174 (Ala.1987).

The only way the First Degree Robbery can be embrace with Third Degree Robbery is if it is re-enacted and published as a whole. But because it was never re-enacted and published as a whole the trial court does not have "JURISDICTION to render judgement or impose sentencing against the petitioner.

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the District Attoney, by placing it into Easterling Corr. Fac. Mail Box On _Aug. 28,_____ 2005.

PAGE_____



**IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT**
**MONTGOMERY COUNTY, ALABAMA**

STATE OF ALABAMA,                    )
    Plaintiff,                           )
                                )
v.                                   )  Case No.  CC-01-2359.61
                                )
CURTIS ANDERSON,                     )
    Defendant.                           )

## STATE'S ANSWER TO PETITION FOR RELIEF FROM CONVICTION AND SENTENCE AND MOTION TO DISMISS

    **COMES NOW** the State of Alabama, by and through its District Attorney for the Fifteenth Judicial Circuit, Eleanor I. Brooks, and moves this Honorable Court to dismiss the Petition for Post Conviction Relief pursuant to Rule 32, Alabama Rules of Criminal Procedure, and as grounds states the following:

## PROCEDURAL HISTORY

    Curtis Anderson, alias Curtis Lamario Anderson, was indicted by the Montgomery County Grand Jury on March 9, 2001, for the offenses of Robbery 1 in violation of Section 13A-8-41 of the <u>Code of Alabama</u> 1975. The Honorable Jim Porter was appointed to represent Mr. Curtis in the matter.

    On September 25, 2001, Petitioner came before this court and plead not guilty to the charge of Robbery 1. The Court conducted a sentencing hearing on October 10, 2001. The Habitual Offender Act was invoked as the defendant had five (5) prior felony convictions.

    Petitioner filed a Rule 32 Petition for Relief from Conviction or Sentence on September 17, 2004. That motion was Denied on May 4, 2005. This, the second motion for Relief from Conviction or Sentence, was submitted on August 28, 2005.

## ALLEGED GROUNDS FOR RELIEF

As a basis for this Petition, Mr. Curtis alleges the following grounds in support of his claims:

1. The Alabama Code Section 13A-8-41 was unconstitutionally constructed.

2. Petitioner alleges that the Court was without jurisdiction to render judgment and impose sentencing.

The State contends that all averments made by Petitioner are baseless and are due to be denied.

## ARGUMENT

### CONSTITUTIONAL GROUND FOR RELIEF

The petitioner contends that in constructing the statute in question, a court must first look to the title and language in the body of the law. Petitioner also contends that the Alabama Legislature has "created a vital mistake by not informing the reader of exactly what is involved." The argument essentially states that Section 13A-8-41 is unconstitutional because it requires the reader to reference another statute to gain a full understanding of what is restricted.

Rule 32.2(c) bars the Constitutional claim in this petition because it was filed beyond the statute of limitations period. When a petition is not brought within one (1) year following the issuance of a Certificate of Judgment by the Court of Criminal Appeal or within one (1) year after the time for filing an appeal lapses, the petition is untimely unless it contains valid jurisdictional claims or properly pleaded newly discovered claims. The sentence date was over 4 years ago in this case. The petitioner failed to file his claim in the prescribed time.

Furthermore, this Constitutional claim is inappropriately brought before this Court. It is common and appropriate for the Alabama Legislature to refer the reader to another section of the code. Merely because the petitioner is forced to reference another section of the statute does not invalidate the statute. All sections of the statute are easily obtainable. Section 13A-8-41 and Section 13A-8-43 set out two different criminal violations. Section 13-8-41 deals with Robbery in the First Degree, whereas Section 13A-8-43 deals with Robbery in the Third Degree. As understood, a person is guilty of Robbery in the First Degree if he has also committed Robbery in the Third Degree plus the additional requirements set out in Robbery in the First Degree.

## SUBJECT MATTER JURISDICTION OF THE TRIAL COURT

Petitioner claims that the court was without subject matter jurisdiction to render the sentence because of the Constitutional grounds stated above. "Although couched in jurisdictional term, many claims do not present jurisdictional issues." *Bearden v. State*, 825 So.2d 868, 869 (Ala. Crim. App. 2001). The petitioner provides no evidentiary basis to support his claims.

The petitioner has failed to meet the burden of proof as prescribed in Rule 32.2 A.R.Crim.P., which states the petitioner shall have the burden of pleading and providing by preponderance of the evidence the facts necessary to entitle the petitioner to relief.

## CONCLUSION

For the above stated reasons, Petitioner is not entitled to relief from his claims and his conviction and sentence are due to be upheld. There is sufficient evidence to support Petitioner's conviction and sentence; thus the Defendant's petition is due to be denied. Petitioner has failed to meet his burden of proof as outlined in Ala. R. Crim. P. 32.3:

The petitioner shall have the burden of pleading and proving by a preponderance of the evidence the facts necessary to entitle the petitioner to relief. The State shall have the burden of pleading any ground of preclusion, but once a ground of preclusion, but once a ground of preclusion has been pleaded, the petitioner shall have the burden of disproving its existence by a preponderance of the evidence.

The Respondent, the State of Alabama, moves this Honorable Court to dismiss, with prejudice, Mr. Curtis's Petition for Relief from Conviction and Sentence.

Respectfully submitted on this the 1st day of November 2005.

ELEANOR I. BROOKS
DISTRICT ATTORNEY


JOHN KACHELMAN (KAC001)
Deputy District Attorney

ADDRESS OF COUNSEL:

Montgomery County District Attorney's Office
100 South Lawrence Street
Montgomery, Alabama 36104
(334) 832-2550

## CERTIFICATE OF SERVICE

I hereby certify that the above and foregoing has been served upon the defendant, by placing same in the U.S. Mail, postage prepaid and properly addressed, this the 1st day of November, 2005.

Curtis Anderson
AIS # 141707
Easterling Correctional Facility
200 Wallace Drive
Clio, Alabama 36017

ELEANOR I. BROOKS
DISTRICT ATTORNEY

JOHN KACHELMAN (KAC001 )
Deputy District Attorney

ADDRESS OF COUNSEL:

Montgomery County District Attorney's Office
100 South Lawrence Street
Montgomery, Alabama 36104
(334) 832-2550

```
Session - PASSPORT                                    October 05, 2005, 16:55:19

OC01      ON-LINE CASE ACTION SUMMARY COUNTY: 03 MONTGOMERY OFFICE: 1      OCSOC01

CASE NUMBER: CC 2001 000359 61    TRANS DATE/TIME: 00000000 0000    JID: EWR
   STYLE/NAME: STATE OF ALABAMA  VS  ANDERSON CURTIS LAMARIO         PC PRNTR: N
-----------------------------------------------------------------------------
ACT   DATE   TIME CODE |------------------ COMMENTS -----------------|  OPE
-----------------------------------------------------------------------------
      10042005 0905 JUDG ASSIGNED TO: (EWR)                          (AR01) TOR
      10042005 0905 STAT INITIAL STATUS SET TO: "P" - PRISON         (AR01) TOR
      10042005 0905 FILE FILED ON: 09/14/2005                        (AR01) TOR
      10042005 0905 FILE CHARGE 01: RULE 32 FELONY/#CNTS: 001        (AR01) TOR
      10042005 0905 BOND BOND SET AT: $30000.00                      (AR01) TOR
      10042005 0906 CASP CASE ACTION SUMMARY PRINTED                 (AR01) TOR
```

*EWR          KAchelmAN*
*Rule 32*

```
-----------------------------------------------------------------------------
*** THERE ARE NO MORE RECORDS ON-FILE FOR THE CASE ***
01=MNU 02=OCS 03=NDX 04=CSE 05=SNT 06=ENF 07=CLR 08=FEE 09=PRT 10=BWD 11=FWD
12=DOM 13=FRM 14=CPR 15=DPR 16=WPR 17=SPR 18=SNO 19=PRT 20=OFF        24=HLP
```

*Filed w/ Court — 09/14/05*

*Rec'd D.A.'s Office — 10/04/05*

*Due on or before  11/02/05*

# IN THE CIRCUIT COURT FOR THE FIFTEENTH JUDICIAL CIRCUIT
## MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| STATE OF ALABAMA,<br>    Plaintiff, | )<br>)<br>) | |
| v. | )<br>) | Case No.:    CC--01-0359.61 |
| CURTIS ANDERSON,<br>    Defendant. | )<br>)<br>) | |

## ORDER

This Court, having reviewed the Petitioner's "Petition for Relief from Conviction or Sentence" filed pursuant to Rule 32, A.R.Crim.P. and the State's "Answer and Motion for Summary Disposition,: hereby finds as follows:

1. This Constitutional claim is inappropriately brought before this Court. It is common and appropriate for the Alabama Legislature to refer the reader to another section of the code. Merely because the petitioner is forced to reference another section of the statute does not invalidate the statute; all sections of the statute are easily obtainable.

2. Rule 32.2(c) bars the Constitutional claim in this petition because it was filed beyond the statute of limitations period. The sentence date was over 4 years ago in this case. The petitioner failed to file his claim in the prescribed time.

3. This court was with proper jurisdiction to adjudicate and sentence the defendant for the crime. The petitioner provides no evidentiary basis to support his claim that the court was without subject matter jurisdiction to render the sentence because of the Constitutional grounds stated above.

4. The petitioner has failed to meet the burden of proof as prescribed in Rule 32.2 A.R.Crim.P., which states the petitioner shall have the burden of pleading and providing by preponderance of the evidence the facts necessary to entitle the petitioner to relief.

For the above stated reasons, this Petition is barred and the Petitioner is not entitled to the relief requested. Therefore, State of Alabama would move this Honorable Court to dismiss, with prejudice, the Petitioner's Rule 32 and deny any and all relief requested.

Respectfully submitted on this the 2 day of November 2005

Judge Eugene W. Reese

cc: John Kachelman
    Curtis Anderson

RECEIVED
11-4-05
CIRCUIT COURT CLERK

IN THE CIRCUIT COURT OF _Montgomery_ ALABAMA

_Curtis Anderson_
Petitioner

Vs.                                    Case NO: _CC-01-0359.61_

STATE OF ALABAMA

## NOTICE OF APPEAL

Comes Now, The Petitioner, _Curtis Anderson_, moves into
this Honorable Court given them Notice of appeal, pursuant to
Rule 4 Appellate Procedure. On The Judgement entered on _November_
_2, 2005_.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing
upon the circuit court,by placing it into the Easterling
Corr.Fac.Mail Box On November _1 2_ 2005.

_Curtis Anderson_
Petitioner



11/18/05 Copy to Crim Appls.

| State of Alabama Unified Judicial System Form ARAP-1C    8/91 | REPORTER'S TRANSCRIPT ORDER -- CRIMINAL See Rules 10(c) and 11(b) of the Alabama Rules of Appellate Procedure (A.R. App.P.) | Criminal Appeal Number _____ |

TO BE COMPLETED BY COUNSEL FOR THE APPELLANT OR BY THE APPELLANT IF NOT REPRESENTED AND FILED WITH THE WRITTEN NOTICE OF APPEAL OR FILED WITHIN 7 DAYS AFTER ORAL NOTICE OF APPEAL IS GIVEN.

☒ CIRCUIT COURT ☐ DISTRICT COURT ☐ JUVENILE COURT OF *Montgomery* _____ COUNTY

*Curtis Anderson*, Appellant

v. ☒ STATE OF ALABAMA ☐ MUNICIPALITY OF _____

| Case Number *CC-01-0359.61* | Date of Judgment/Sentence/Order *11-22-05* |
| Date of Notice of Appeal Oral: __ Written: *11-12-05* | Indigent Status Granted: ☒ Yes ☐ No |

**PART 1. TO BE SIGNED IF THE APPEAL WILL NOT HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT NO REPORTER'S TRANSCRIPT IS EXPECTED AND THAT THE RECORD ON APPEAL SHALL CONSIST OF THE CLERK'S RECORD ONLY. IF THE APPEAL IS FROM DISTRICT COURT OR JUVENILE COURT, I ALSO CERTIFY (1) THAT A STIPULATION OF FACTS WILL BE INCLUDED IN THE CLERK'S RECORD AND THAT THE APPELLANT WAIVES HIS RIGHT TO A JURY TRIAL IF SO ENTITLED; OR (2) THAT THE PARTIES HAVE STIPULATED THAT ONLY QUESTIONS OF LAW ARE INVOLVED AND THAT THE QUESTIONS WILL BE CERTIFIED BY THE JUVENILE/DISTRICT COURT FOR INCLUSION IN THE CLERK'S RECORD (SEE RULE 28(A)(1), ALABAMA RULES OF JUVENILE PROCEDURE, AND §12-12-72, *CODE OF ALABAMA 1975*)

| Signature | Date | Print or Type Name |

**PART 2. DESIGNATION OF PROCEEDINGS TO BE TRANSCRIBED.** Request is hereby made to the court reporter(s) indicated below for a transcript of the following proceedings in the above referenced case (see Rule 10(c)(2), Alabama Rules of Appellate Procedure (A.R.App.P.)).

MARK PROCEEDINGS REQUESTED:                                    COURT REPORTER(S)

A. ☐ TRIAL PROCEEDINGS - Although this designation will include the judgment and sentence proceedings, a transcript of the organization of the jury and arguments of counsel must be designated separately.   _____

B. ☐ ORGANIZATION OF THE JURY - This designation will include voir dire examination and challenges for cause. Note that in noncapital cases the voir dire of the jury will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)   _____

C. ☐ ARGUMENTS OF COUNSEL - Note that in noncapital cases the arguments of counsel will not be recorded unless the trial judge so directs. (See Rule 19.4, ARCrP.)   _____

IN ADDITION TO ANY PROCEEDINGS DESIGNATED ABOVE, SPECIAL REQUEST IS HEREBY MADE TO INCLUDE THE FOLLOWING PROCEEDINGS IN THE REPORTER'S TRANSCRIPT PORTION OF THE RECORD ON APPEAL. (ATTACH ADDITIONAL PAGES IF NECESSARY.)

ADDITIONAL PROCEEDINGS REQUESTED            DATE            COURT REPORTER(S)

D. *Any and Every thing*            *11-12-05*            _____

E. _____

F. _____

G. _____

IMPORTANT NOTICE: The court reporter who reported the proceedings for which a transcript is requested must be identified on this form to be effective. Additionally, it is important to note that the appellant may not be permitted to raise any issue on appeal relating to any proceedings in the case that are not specifically designated on this form for inclusion in the reporter's transcript. A general designation such as "all proceedings" is not sufficient. (See Rule 10(c)(2), A.R.App.P.)

**PART 3. MUST BE SIGNED IF THE APPEAL WILL HAVE A COURT REPORTER'S TRANSCRIPT:**

I CERTIFY THAT I HAVE DISTRIBUTED THIS FORM AS SET OUT BELOW. I ALSO CERTIFY (1) THAT I HAVE MADE SATISFACTORY FINANCIAL ARRANGEMENTS WITH EACH COURT REPORTER LISTED ABOVE FOR PREPARING HIS OR HER PORTION OF THE REPORTER'S TRANSCRIPT HEREIN REQUESTED; OR (2) THAT THE APPELLANT PROCEEDED AT TRIAL AS AN INDIGENT AND THAT THAT STATUS HAS NOT BEEN REVOKED; OR, (3) THAT THE APPELLANT HAS BEEN GIVEN PERMISSION TO PROCEED ON APPEAL IN FORMA PAUPERIS.

| *Cristis Anderson* | *11-12-05* | *Curtis Anderson* |
| Signature | Date | Print or Type Name |

| State of Alabama Unified Judicial System Form ARAP- 26 (front)    8/91 | COURT OF CRIMINAL APPEALS DOCKETING STATEMENT | Criminal Appeal Number |
|---|---|---|

**A. GENERAL INFORMATION:**

☒CIRCUIT COURT  ☐DISTRICT COURT  ☐JUVENILE COURT OF _Montgomery_ COUNTY

--_Curtis Anderson_ Appellant

v.  ☒STATE OF ALABAMA  ☐MUNICIPALITY OF _____

| Case Number CC-01-0359.61 | Date of Complaint or Indictment 8-23-05 | Date of Judgment/Sentence/Order 11-2-05 |
|---|---|---|

Number of Days of Trial/Hearing _____ Days | Date of Notice of Appeal Oral: _____ Written: 11-12-05

Indigent Status Requested: ☒Yes ☐No    Indigent Status Granted: ☒Yes ☐No

**B. REPRESENTATION:**

Is Attorney Appointed or Retained? ☐Appointed ☐Retained.  If no attorney, will appellant represent self? ☐Yes ☐No

Appellant's Attorney (Appellant if pro se) (Attach additional pages if necessary) | Telephone Number

Address | City | State | Zip Code

**C. CODEFENDANTS:** List each CODEFENDANT and the codefendant's case number.

| Codefendant | Case Number |
| Codefendant | Case Number |
| Codefendant | Case Number |

**D. TYPE OF APPEAL:** Please check the applicable block.

1 ☐State Conviction  2 ☒Post-Conviction Remedy  3 ☐Probation Revocation  4 ☐Pretrial Order  5 ☐Contempt Adjudication  6 ☐Municipal Conviction  7 ☐Juvenile Transfer Order  8 ☐Juvenile Delinquency  9 ☐Habeas Corpus Petition  10 ☐Other (Specify):

**E. UNDERLYING CONVICTION/CHARGE:** Regardless of the type of appeal checked in Section D, please check the box beside the offense category for which the appellant has been convicted or charged as it relates to this appeal. Also include the applicable section of the Code of Alabama for State convictions.

1 ☐Capital Offense - § ____  2 ☐Homicide - § ____  3 ☐Assault - § ____  4 ☐Kidnapping/Unlawful Imprisonment - § ____  5 ☐Drug Possession - § ____  6 ☐Trafficking in Drugs - § ____  7 ☐Theft - § ____  8 ☐Damage or Intrusion to Property - § ____  9 ☐Escape - § ____  10 ☐Weapons/Firearms - § ____  11 ☐Fraudulent Practices - § ____  12 ☐Offense Against Family - § ____  13 ☐Traffic - DUI - § ____  14 ☐Traffic - Other - § ____  15 ☒Miscellaneous (Specify): _Robbery I_ - §

**F. DEATH PENALTY:**

Does this appeal involve a case where the death penalty has been imposed? ☐Yes ☒No

**G. TRANSCRIPT:**

1. Will the record on appeal have a reporter's transcript? ☒Yes ☐No
2. If the answer to question "1" is "Yes," state the date the Reporter's Transcript Order was filed. _11-12-05_ (Date)
3. If the answer to question "1" is "No":
   (a) Will a stipulation of facts be filed with the circuit clerk? ☐Yes ☐No
   (b) Will the parties stipulate that only questions of law are involved and will the trial court certify the questions? ☐Yes ☐No

NOTE: If the appeal is from the district or juvenile court and the answer to question "1" is "No," then a positive response is required for question 3(a) or 3(b).

Form ARAP-26 (back)     8/91     COURT OF CRIMINAL APPEALS DOCKETING STATEMENT

**H. POST-JUDGMENT MOTIONS:** List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rules 20.3 and 24.4 (ARCrP)):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

**I. NATURE OF THE CASE:** Without argument, briefly summarize the facts of the case. The facts of the case is that, The Appellant sentence and conviction is viod, because the First Degree Robbery Statute violates Art. 1. sec 45 06 the Ala, Const. 06 1901.

**J. ISSUE(S) ON APPEAL:** Briefly state the anticipated issues that will be presented on appeal. (Attach additional pages if necessary.)

Whether, The Trial Court had Jurisdiction to impose sentence and Judgement against the Appellant for a unconstitutional Statute 06 Robbery in the First degree.

Whether, TWO Statute can be express in the same title Without violating Art. 1. sec, 45 06 the Ala. Const. 06 1901.

**K. SIGNATURE:**

11-12-05
Date

Curtis Anderson
Signature of Attorney/Party Filing this Form

ACR371                     ALABAMA JUDICIAL DATA CENTER
         NOTICE OF APPEAL TO THE ALABAMA COURT OF CRIMINAL APPEALS
                          BY THE TRIAL COURT CLERK
                  IN THE CIRCUIT COURT   OF MONTGOMERY COUNTY
STATE OF ALABAMA VS ANDERSON CURTIS LAMARIO    JUDGE: EUGENE W. REESE

```
| APPEAL DATE: 11/12/2005                                                        |
|                                                                                |
| INDIGENCY STATUS:                                                              |
|    GRANTED INDIGENCY STATUS AT TRIAL COURT:        __X__ YES  _____ NO        |
|    APP. TRIAL COUNSEL PERMITTED TO W/D ON APPEAL:  _____ YES  __X__ NO  N/A   |
|    INDIGENT STATUS REVOKED ON APPEAL:              _____ YES  __X__ NO        |
|    INDIGENT STATUS GRANTED ON APPEAL:              __X__ YES  _____ NO        |
|                                                                                |
| DEATH PENALTY: NO                                                              |
|                                                                                |
| APPEAL TYPE: RULE 32 PETITION                                                  |
|--------------------------------------------------------------------------------|
| THIS APPEAL IS FROM AN ORDER DENYING A PETITION (I.E., RULE 32 PETITION,       |
| WRIT OF HABEAS CORPUS, ETC) OR FROM ANY OTHER ISSUED BY THE TRIAL JUDGE.       |
|                                                                                |
| CO/CASE NUMBER: 03/CC 2001 000359.61                                           |
|                                                                                |
| ORDER ENTERED(DATE): 11022005 PETITION: X DISMISSED  __DENIED  __GRANTED       |
|--------------------------------------------------------------------------------|
| POST-JUDGMENT MOTIONS FILED:     DT FILED       DT DENIED      CON BY AGREE    |
| ___ MOTION FOR NEW TRIAL         _____      _____      _____      |
| ___ MOTION FOR JUDG. OF ACQUIT   _____      _____      _____      |
| ___ MOTION TO W/D GUILTY PLEA    _____      _____      _____      |
| ___ MOTION FOR ATTY TO W/DRAW    _____      _____      _____      |
| ___ OTHER _____        _____      _____      _____      |
|--------------------------------------------------------------------------------|
| COURT REPORTER(S):                    _____         |
| ADDRESS:                              _____         |
|                                       _____         |
| APPELLATE COUNSEL #1:                 PRO SE                                    |
| ADDRESS:                              _____         |
|                                       _____         |
| PHONE NUMBER:                         000-000-0000        ,      00000          |
|                                                                                |
| APPELLATE COUNSEL #2:                 _____         |
| ADDRESS:                              _____         |
|                                       _____         |
|                                       _____         |
| PHONE NUMBER:                         _____         |
|                                                                                |
| APPELLANT (PRO SE):                   ANDERSON CURTIS LAMARIO                   |
| ADDRESS:                              EASTERLING C.F.                           |
|                                       CLIO          ,   AL  360170000          |
| AIS #:                                141707                                    |
|                                                                                |
| APPELLEE (IF CITY APPEAL):            _____         |
| ADDRESS:                              _____         |
|                                       _____         |
|--------------------------------------------------------------------------------|
```

I CERTIFY THAT THE INFORMATION PROVIDED                        OPERATOR: DBH
ABOVE IS ACCURATE TO THE BEST OF MY               PREPARED: 11/18/2005
KNOWLEDGE AND I HAVE SERVED A COPY OF
THIS NOTICE OF APPEAL ON ALL PARTIES TO      _Melissa Rittenour_
THIS ACTION ON THIS 18th DAY OF  NOV  , 2005      CIRCUIT COURT CLERK

| State of Alabama<br>Unified Judicial System<br>From ARAP - 14 Rev. 11 / 91 | CERTIFICATE OF COMPLETION AND<br>TRANSMITTAL OF RECORD ON<br>APPEAL BY TRIAL CLERK | Appellate Case Number |
|---|---|---|

| TO: THE CLERK OF<br>THE COURT OF CRIMINAL APPEALS OF ALABAMA | DATE OF<br>NOTICE OF APPEAL: | 11-12-05 |
|---|---|---|

| APPELLANT | CURTIS LAMARIO ANDERSON |
|---|---|

| v. STATE OF ALABAMA |
|---|

I certify that I have this date completed and transmitted herewith to the appellate court the record on appeal by assembling in ( a single volume of __28__ pages) (_____ volumes of 200 pages each and one volume of _____ pages) the clerk's record and the reporter's transcript and that one copy each of the record on appeal has been served on the defendant and the Attorney General of the State of Alabama for the preparation of brief.

I certify that a copy of this certificate has this date been served on counsel for each party to the appeal.

DATED this __22 nd__ day of __NOVEMBER__ , __2005__ .


_Melissa Rittenour_
Circuit Clerk