IN THE ALABAMA COURT OF CRIMINAL APPEALS

CASE NO. CR-01-0296

CURTIS L. ANDERSON, APPELLANT,

v.

STATE OF ALABAMA, APPELLEE.



FILED
JAN 3 0 2002
CLERK
ALA COURT CRIMINAL APPEALS

APPEAL FROM MONTGOMERY COUNTY CIRCUIT COURT

CASE NO. CC-01-0359

BRIEF OF APPELLANT

> Maceo Kirkland
> Attorney for Appellant
> 529 S. Perry St. Ste 14-A
> Montgomery, AL. 36104
> Telephone (334) 261-6200
> Fax (334) 261-6201

EXHIBIT F

# TABLE OF CONTENTS

Page 1   Table of Contents

Page 2   Statement of the Case

Page 4   Statement of the Issues.

Page 5   Statement of the Facts.

Page 7.  Argument

Page 9   Conclusion

Page 10  Summary of Adverse Rulings

## STATUTES

§13A-8-41 Code of Alabama (1975)  Page 2, 5, 7

§13A-8-43 Code of Alabama (1975)  Page 7

## CASES CITED

Anders v. California, 386 US 738, 18 L ed 2d 493 (1967)   Pgs. 3, 4, 9

James v. State, 405 So 2d.71 (Ala. Crim. App. 1981) Pg. 7

Kent v. State, 504 So 2d. 373 (Ala. Crim. App. 1987) Pg. 8

Stewart v. State, 350 So 2d. 764 (Ala. Crim. App. 1977) Pg. 8

I,

## STATEMENT OF THE CASE

This is an appeal from a conviction of first degree robbery in Montgomery County Circuit Court. The appellant was arrested and charged with first degree robbery on December 24, 2000, in violation of §13A-8-41, Code of Alabama (1975). (C-6). The appellant was alleged to have robbed a retail clothing store while armed with a handgun.(C-6). At the time of his arrest, the appellant waived his Miranda rights. (C-13). On March 9, 2001 the appellant was indicted for first degree robbery. (C-8). On June 6, 2001, the trial court ordered the appellant to undergo an outpatient mental evaluation upon receiving information that the appellant may have lacked competency to stand trial or waive his Miranda rights. (C-13-16). The mental evaluation of the appellant concluded that he was competent to waive his Miranda rights and to stand trial. (C-41-47).

Appellant was tried by jury on September 25, 2001. (R-2). He was represented by James Porter, Esq. at trial. During the trial, three witnesses for the State testified that the Defendant represented to them by words and actions that he was armed with a firearm and that he then took several items of clothing with him as he left the store. (R-28-29,44-45, 59-60, 61). At the conclusion of the State's case, the defense moved for a directed verdict, stating that the State had not presented a case for conviction as a matter of law. The motion was denied. (R-83). The defense was then allowed to admit the mental evaluation done on the appellant into evidence. (R-85). The defense then rested. (R-85). The Court then instructed the jury on first-degree robbery, third-degree robbery, and third-degree theft. (R-109-119). The appellant was convicted of first-degree robbery. (R-119). On October 18, 2001, the appellant was sentenced to life imprisonment, plus court

2,

costs, and fifty dollars to the Alabama Crime Victims Compensation Fund, and five hundred fifty dollars as restitution.(R-2).

On November 1, 2001, appellant moved for a judgment of acquittal or alternatively a new trial or arrest of judgment on the grounds that the verdict was contrary to law and the weight of the evidence presented. Appellant also filed a notice of appeal the same date. (C-28), and trial counsel moved to withdraw from the case the same date. (R-30). The motion for judgment of acquittal was denied on November 26, 2001 (C-33). On November 27, 2001, trial counsel was permitted to withdraw and the undersigned was appointed to represent the appellant. The undersigned, Mr. Anderson's appellate counsel, now proffers this brief in compliance with Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

3

## **STATEMENT OF THE ISSUES**

Whether the trial court erred in denying defendant's post-trial motion for judgment of acquittal or alternatively a new trial or arrest of judgment.

Upon review of the record on appeal, counsel for appellant can find no arguable issue preserved in the trial court or any indicia of plain error on the part of the trial court to present to this Honorable Court. Counsel therefore submits this brief in accordance with Anders v. California, 386 US 738, 18 L ed 2d 493, 87 S Ct 1396.

4

## STATEMENT OF THE FACTS

On or about December 24, 2000, the appellant was arrested and charged with first degree robbery, pursuant to §13A-8-41, Code of Alabama (1975). (C-7). It was alleged that on or about October 26, 2000, the appellant entered a retail clothing store and began taking several items of clothing. The appellant was confronted by employees of the business, whereupon the appellant, according to testimony by the employees, represented to them that he was armed and threatened them, and then left the store with several items of clothing without purchasing them. (R-28, R-29, R-44, R-46, R-59, R-60). The appellant waived his Miranda rights and gave a statement. (C-40). On March 9, 2001, the appellant was indicted on the charge of first degree robbery. (C-9). On March 26, 2001 James Porter, Esq. was appointed to represent the defendant pursuant to an order finding the defendant indigent. (C-10).

On June 18, 2001, the trial court ordered the appellant to undergo an outpatient mental evaluation due to the court receiving notice that appellant may not have been competent to stand trial, assist in his own defense, or waive his Miranda rights after arrest.(C-13-16). On August 16, 2001, appellant was evaluated by Dr. Guy J. Renfro, Ph.D., who found him competent to stand trial, and waive his Miranda rights at the time of questioning by police. (C-40-48).

On September 25, 2001, the appellant was tried by jury in Montgomery County Circuit Court. (R-1). Three of the State's witnesses testified that the appellant made threatening comments and gestures to the effect that he was then and there armed before

5

leaving the store with the clothing. (R-28, R-29, R-44, R-46, R-59, R-60). At the close of the State's case the defense made a motion for a directed verdict, stating that the State had failed to present a case by which the jury could find the defendant guilty as a matter of law. The motion was denied. (R-83). The Court then admitted Defendant's Exhibit One into evidence, which consisted of the appellant's mental evaluation. (C-41), (R-85).

The trial court then charged the jury on Robbery I, Robbery III, and Theft III. (R-109-119). The appellant was convicted of Robbery I. (R-119). On October 18, 2001, the appellant was sentenced to life imprisonment. On November 1, 2001, the appellant filed a notice of appeal. (C-28). On the same day appellant filed a joint motion for judgment of acquittal or alternatively a new trial or arrest of judgment on the grounds that the verdict was contrary to law and contrary to the weight of the evidence presented. (R-33). The motion was denied on November 26, 2001. On November 1, 2001 trial counsel moved to withdraw from the case and to have appellate counsel appointed. (C-30). On November 27, 2001, the undersigned counsel was appointed to represent the appellant. (C-35).

## **ARGUMENT**

Did the trial court err in denying the appellant's post-trial motion for judgment of acquittal or alternatively a new trial or arrest of judgment?

Curtis Anderson, the appellant, appeals his conviction for first degree robbery on the grounds that the verdict is contrary to law and contrary to the weight of the evidence presented. Upon review of the entire transcript of the trial below and the applicable law in this case, the undersigned counsel argues that there is no arguable issue preserved in the court below nor is there any indicia of plain error on the part of the trial court.

The appellant was tried for first degree robbery pursuant to §13A-8-41, Code of Alabama, (1975). This statute allows conviction for its violation if the accused commits a third degree robbery under §13A-8-43, Code of Alabama, (1975) and he is armed with a deadly weapon or dangerous instrument or gives verbal or other representation that he is then and there so armed. §13A-8-41(a)(1)and (b). Case law provides guidance on what constitutes a violation of this statute. "In order to be convicted of first degree robbery an accused need not even be armed with a deadly weapon or dangerous instrument where (1) he possesses any object reasonably believed to be a deadly weapon or dangerous instrument or represents in some manner that he has one and (2) there is no evidence to rebut or refute this reasonable belief or representation. To find as a matter of law that where a gun is not seen a defendant cannot be convicted of first degree robbery would allow all would-be robbers to keep a gun or other dangerous weapon concealed…, James v. State, 405 So. 2d 71 (Ala.Crim.App.1981).

In the instant case three witnesses for the state testified that the appellant represented by words and action that he was then and there armed, and made threatening statements. (R-28, R-29, R-44, R-46, R-52, R-59). All three witnesses testified that the appellant kept his hands in his pants as he made the threatening statements. (R-29, R-46, R-60). One witness testified that she saw in his pants what appeared to be the handle of a gun as he made the threatening remarks. (R-28, R-29, R-37). There was no evidence offered by the defense at trial to rebut the verbal representation that the appellant was then and there armed. The criterion of a reasonable belief that a robber is armed also focuses on the reaction of a victim to a robber's threat. Kent v. State, 504 So. 2d 373 (Ala. Crim. App. 1987). All three witnesses testified that they believed the appellant was armed and they were afraid. (R-29, R-46, R-60). There was no evidence offered by the defense to refute this belief. The standard of review for an appellate court in reviewing a trial court's denial of a motion for judgment of acquittal based on the insufficiency of the evidence is whether legal evidence was presented to the jury from which the jury could have, by reasonable inference, found the defendant guilty. Stewart v. State, 350 So. 2d 764, 766 (Ala. Cr. App. 1977).

In this case the jury was provided with ample legal evidence by which they could have reasonably inferred that the appellant threatened the use of force to accomplish the theft. Three witnesses who were present at the time of the incident testified that the appellant clearly indicated by words and actions that he was then and there armed. It was the jury's duty to weigh the evidence and decide for themselves whether or not they believed them. They did so, and appellant's counsel can find no basis for the post-trial motion for judgment of acquittal.

## CONCLUSION

Based on the appellate counsel's thorough review of the record on appeal, counsel finds no merit to the appeal. Therefore, counsel files this brief in accordance with <u>Anders v. California</u>, 386 US 738, 18 L ed 2d 493, 87 S Ct 1396 (1967). Counsel hereby certifies that he has mailed a copy of the foregoing to the appellant in accordance with <u>Anders</u>.

Respectfully submitted this the __30th__ day of January, 2002.

_____
Maceo Kirkland (KIR030)

9.

## SUMMARY OF ADVERSE RULINGS

Record Page No.

33-34   Denial of appellant's motion for judgment of acquittal or alternatively a new trial or arrest of judgment.

83   Denial of defendant's motion for directed verdict or dismissal at the close of State's evidence.

10.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the following by placing same in the party's assigned courthouse box on this the __30th__ day of January, 2002.


Office of the Attorney General-Criminal Appeals
11 S. Union St., 3rd Floor
Montgomery, AL. 36104

Honorable Daryl D. Bailey
Montgomery County District Attorney's Office
100 S. Lawrence St.
Montgomery, AL. 36104

_Maceo Kirkland_
Attorney for Appellant

11.