No. CR-05-0315

In the COURT of CRIMINAL APPEALS
of ALABAMA

———————————◆———————————

CURTIS LAMARIO ANDERSON,

Appellant,

v.

STATE OF ALABAMA,

Appellee.

———————————◆———————————

On Appeal from the Circuit Court of
Montgomery County (CC-01-359.61)

**BRIEF OF APPELLEE**

Troy King
*Attorney General*

J. Thomas Leverette
*Assistant Attorney General*

Hense R. Ellis II
*Deputy Attorney General*
*Counsel of Record

State of Alabama
Office of the Attorney General
11 South Union Street
Montgomery, Alabama  36130
(334) 242-7300*

January 3, 2006

EXHIBIT

G

PENGAD 800-631-6989

## STATEMENT OF ORAL ARGUMENT

The State does not request oral argument.

## TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT ......................... i

TABLE OF CONTENTS ........................................ ii

TABLE OF AUTHORITIES ................................... iii

STATEMENT OF THE CASE AND FACTS .......................... 1

ISSUE PRESENTED FOR REVIEW ............................... 3

STANDARD OF REVIEW ....................................... 3

SUMMARY OF THE ARGUMENT .................................. 5

ARGUMENT ................................................. 6

CONCLUSION ............................................... 9

CERTIFICATE OF SERVICE .................................. 10

## TABLE OF AUTHORITIES

**Cases**

Brown v. State, 705 So. 2d 871 (Ala. Crim. App. 1997) ..... 6

Crim. App. 2001) ........................................ 6

Lewis v. State, 741 So. 2d 452 (Ala. Crim. App. 1999) ..... 6

Mitchell v. State, 825 So. 2d 864 (Ala. Crim. App. 2001) .. 6

parte Taylor, 808 So. 2d 1215, n.2 (Ala. 2001) ........... 6

State v. Jude, 686 So. 2d 528(Ala. Crim. App. 1996), cert.
  quashed, 686 So. 2d 536 (Ala. 1996) ..................... 3

Strickland v. State, 771 So.  2d 1123(Ala. Crim. App.
  1999), cert. denied, 771 So. 2d 1129 (Ala. 1999) ......... 3

**Rules**

A.R.Crim.P.

Rule 32.2(a)(5) ........................................ 7

Rule 32.2(b) ........................................... 7

Rule 32.2(c) ........................................... 5

## STATEMENT OF THE CASE AND FACTS

This appeal is from the November 2, 2005 summary dismissal of a post-conviction petition filed by Curtis Lamario Anderson under Rule 32 of the Alabama Rules of Criminal Procedure in Montgomery County Circuit Court, Judge Eugene W. Reese presiding.

In October of 2001, a Montgomery County jury convicted Anderson of first degree robbery. (C. 1) Also in October of 2001, Anderson was sentenced to serve a term of life in the state penitentiary. (C. 5) On April 19, 2002, after Anderson filed an Anders brief, this Court affirmed Anderson's conviction by memorandum opinion. Anderson v. State, CR-01-0296, mem. op (Ala. Crim. App. Apr. 19, 2002).

On September 17, 2004, Anderson filed his first post-conviction petition under Rule 32 of the Alabama Rules of Criminal Procedure, and, on May 4, 2005, it was summarily dismissed. (C. 16)  It does not appear that Anderson appealed that summary dismissal order.

On September 21, 2005, Anderson filed the instant petition. (C. 2-15)  On November 2, 2005, Judge Reese summarily dismissed it as time-barred. (C. 22)

1

On November 16, 2005, Anderson filed timely notice of appeal. (C. 23)

## ISSUE PRESENTED FOR REVIEW

Because Anderson's Rule 32 petition was filed beyond the limitation period of Rule 32.2(c), A.R.Cr.P., must the trial court's summary dismissal of his time-barred petition be affirmed?

## STANDARD OF REVIEW

The denial of a Rule 32 petition is reviewed under the abuse of discretion standard, and, if the circuit court's decision is correct for any reason, even if not stated, this Court will affirm the lower court. Strickland v. State, 771 So. 2d 1123, 1125 (Ala. Crim. App. 1999), cert. den., 771 So. 2d 1129 (Ala. 1999). A court abuses its discretion only when it bases its decision on an erroneous conclusion of law or if there is no evidence in the record to rationally support the decision. State v. Jude, 686 So. 2d 528, 530 (Ala. Crim. App. 1996), cert. quashed, 686 So. 2d 536 (Ala. 1996).

## SUMMARY OF THE ARGUMENT

Because Anderson's Rule 32 petition was filed several years beyond the limitation period of Rule 32.2(c), A.R.Cr.P., the trial court's summary dismissal of his time-barred petition must be affirmed.

## ARGUMENT

**Anderson's Successive Rule 32 Petition Was Filed**
**Several Years Beyond The Limitation Period Of Rule**
**32.2(c), A.R.Cr.P., Thus, The Trial Court's Summary**
**Dismissal Of His Time-barred Petition Is Due To Be**
**Affirmed.**

Anderson claims that the trial court lacked

jurisdiction to convict him of first degree robbery

because Alabama's robbery first degree robbery statute

is allegedly unconstitutional as it references and/or

incorporates a separate robbery code section.   The

trial court properly denied Anderson's unsupported

claim by summarily dismissing his time-barred petition.

First, even applying the old two-year Rule

32.2(c), A.R.Cr.P. limitation period, the instant

petition was filed several years beyond that limitation

period (Anderson's conviction became final in 2001

after he failed to file a direct appeal.), and, hence,

Judge Reese properly dismissed it as time-barred.

Second, Anderson's claim that the incorporation or

referencing technique evident in the drafting of

Alabama's robbery statutes is unconstitutional (and

that the trial court was thus without jurisdiction to

6

try and sentence him) must fail because Anderson has

offered no applicable authority to support it. Lewis v.

State, 741 So. 2d 452, 457 (Ala. Crim. App. 1999); cf,

Ex parte Taylor, 808 So. 2d 1215, n.2 (Ala. 2001).  The

cases he cites do not stand for the proposition he

offers.  Therefore, just because Anderson asserts that

this claim is jurisdictional does not mean that it is.

Mitchell v. State, 825 So. 2d 864, 866 (Ala. Crim. App.

2001); Bearden v. State, 825 So. 2d 868, 869 (Ala.

Crim. App. 2001).  Rule 32.2(c) still bars Anderson's

petition.

     Next, because Anderson's challenge to Alabama's

first degree robbery statute was not raised at trial,

it must fail as a mere unpreserved constitutional

claim. See Brown v. State, 705 So. 2d 871, 875 (Ala.

Crim. App. 1997) (holding that even constitutional

issues can be waived if not raised at trial).

     Finally, because Anderson's claim was not raised

on direct appeal, or in his previous Rule 32 petition,

and because it is raised in a successive Rule 32

petition, it is also precluded on multiple other

grounds. See Rule 32.2(a)(5), Rule 32.2(a)(5), and Rule

32.2(b), A.R.Cr.P.

## CONCLUSION

The trial court's summary dismissal of Anderson's time-barred post-conviction petition is due to be affirmed.

Respectfully submitted,

Troy King
Attorney General
By:

*Hense R. Ellis II*

Hense R. Ellis II
Deputy Attorney General

8

## CERTIFICATE OF SERVICE

I hereby certify that on January 3, 2006, a copy of the foregoing was served on the appellant by placing the same in the United States mail, first class postage prepaid and addressed as follows:

     Curtis Lamario Anderson
     A.I.S. #141707
     Easterling Correctional Facility
     200 Wallace Dr.
     Clio, Alabama 36017


_Hense R. Ellis II_
HENSE R. ELLIS II
DEPUTY ATTORNEY GENERAL


ADDRESS OF COUNSEL:

Office of the Attorney General
Criminal Appeals Division
Alabama State House
11 South Union Street
Montgomery AL   36130-0152
(334) 242-7300
/ANDERSON, CURTIS
MATTER ID #88033-001

9