Notice: This unpublished memorandum should not be cited as precedent. See Rule 54, Ala.R.App.P. Rule 54(d), states, in part, that this memorandum "shall have no precedential value and shall not be cited in arguments or briefs and shall not be used by any court within this state, except for the purpose of establishing the application of the doctrine of law of the case, res judicata, collateral estoppel, double jeopardy, or procedural bar."

# Court of Criminal Appeals
### State of Alabama
Judicial Building, 300 Dexter Avenue
P. O. Box 301555
Montgomery, AL 36130-1555



| | |
|---|---|
| H.W."BUCKY" McMILLAN<br>Presiding Judge<br>SUE BELL COBB<br>PAMELA W. BASCHAB<br>GREG SHAW<br>A. KELLI WISE<br>Judges | Lane W. Mann<br>Clerk<br>Sonja McKnight<br>Assistant Clerk<br>(334) 242-4590<br>Fax (334) 242-4689 |

## MEMORANDUM

CR-05-0315            Montgomery Circuit Court CC-01-359.61

<u>Curtis Lamario Anderson v. State of Alabama</u>

Baschab, Judge.

   On September 25, 2001, the appellant was convicted of first-degree robbery. On October 10, 2001, the trial court sentenced him, as a habitual offender, to serve a term of life in prison. See §13A-5-9(c), Ala. Code 1975. We affirmed his conviction in an unpublished memorandum and issued a certificate of judgment on May 7, 2002. See <u>Anderson v. State</u>, (CR-01-0296) 860 So. 2d 915 (Ala. Crim. App. 2002) (table). On September 21, 2005, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.

   The appellant argues that the trial court did not have jurisdiction to render a judgment and impose a sentence in



this case. Specifically, he contends that the first-degree robbery statute is unconstitutional. However, this claim is precluded because he could have raised it at trial and on direct appeal, but did not, and because it is time-barred. See Rules 32.2(a)(3), (a)(5), and (c), Ala. R. Crim. P.[1]

Because the appellant's argument was clearly precluded, the circuit court properly summarily dismissed his petition. See Rule 32.7(d), Ala. R. Crim. P. Accordingly, we affirm the circuit court's judgment.

**AFFIRMED.**

McMillan, P.J., and Cobb, Shaw, and Wise, JJ., concur.

---

[1] In his statement of issues, the appellant also lists an argument that the circuit court erred in dismissing his petition without allowing him to object to the State's response. However, he does not include any argument as to this issue, as required by Rule 28(a)(10), Ala. R. App. P. Therefore, we will not address the issue.

2