IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANDERSON L. CURTIS, #141707, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06-CV-512-WHA |
| | ) | |
| GWENDOLYN MOSLEY, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## ORDER

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Anderson L. Curtis, a state inmate, on June 1, 2006.  In this petition, Curtis challenges a conviction for first degree robbery imposed upon him by the Circuit Court of Montgomery County, Alabama on September 25, 2001.  On October 10, 2001, the petitioner was sentenced as a habitual offender to life imprisonment.  By operation of law, Curtis' robbery conviction became final in May of 2002.

### A.  Procedural Default

Pursuant to the orders of this court, the respondents filed an answer in which they argue that the present habeas corpus petition is due to be denied because the claim raised by Curtis attacking the constitutionality of the robbery statute is procedurally barred from review by this court as Curtis failed to present this claim to the state courts in accordance with the state's procedural rules.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1140-1146 (11th Cir. 2001), *cert. denied*,

534 U.S. 1136, 122 S.Ct. 1081, 151 L.Ed.2d 982 (2002); *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990); *Teague v. Lane*, 489 U.S. 288 (1989).  In support of this argument, the respondents maintain that Curtis procedurally defaulted his challenge to the robbery statute when he failed to raise this claim at trial or on direct appeal and did not present the claim until filing an untimely Rule 32 petition, and the last state court to address the issue determined that Curtis procedurally defaulted the claim for these reasons. *Respondents July 31, 2006 Answer* at 2-3; *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992) (citations omitted) ("Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief.").

A procedural default bars consideration of the merits of a claim "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  *Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991); *Peoples v. Campbell*, 377 F.3d 1208, 1235 (11th Cir. 2004); *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003).  However, even if the petitioner fails to show cause and prejudice, a procedural default will not preclude a federal court from

considering a habeas petitioner's federal constitutional claim where the petitioner is able to show that the court's failure to address his claim would result in a "fundamental miscarriage of justice." *Schlup v. Delo*, 513 U.S. 298, 320 (1995); *Murray v. Carrier*, 477 U.S. 478 (1986). The miscarriage of justice exception allows federal courts to address procedurally defaulted claims if the petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Carrier*, 477 U.S. at 496.

Accordingly, it is

ORDERED that on or before August 21, 2006 the petitioner may file a response to the answer filed by the respondents. Any pleadings, documents or evidence filed after this date will not be considered by the court except in exceptional circumstances. The petitioner is advised that at any time after August 21, 2006 the court shall "determine whether an evidentiary hearing is required. If it appears that an evidentiary hearing is not required, the [court] shall make such disposition of the petition as justice shall require." Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is instructed that when responding to the respondents' answers he may file sworn affidavits or other documents in support of his claims. Affidavits should set forth specific facts which demonstrate that the petitioner is entitled to relief on those grounds presented in the habeas corpus petition. If documents which have not previously been filed with the court are referred to in the affidavits, sworn or certified copies of those papers must be attached to the affidavits or served with them. When the petitioner attacks the

3

respondents' answers by use of affidavits or other documents, the court will, at the proper time, consider whether to expand the record to include such materials.  *See* Rule 7, *Rules Governing Section 2254 Cases in the United States District Courts*.

The petitioner is cautioned that in responding to the respondents' assertion that his claim for relief is procedurally defaulted he must state specific reasons why he failed to comply with the state's procedural rules or otherwise did not present or pursue this claim in state court either at the trial court level, on appeal or in available post-conviction proceedings.  The petitioner is advised that the reasons presented must be legally sufficient and that the facts surrounding or relating to the reasons for the failure must be stated with specificity.  If the petitioner asserts that this court should address the procedurally defaulted claim under the fundamental miscarriage of justice exception, the petitioner must show specific reasons for the application of this exception.

## B.  Statute of Limitations[1]

It is likewise clear from the answer, the evidentiary materials filed in support thereof, and applicable federal law, that the instant habeas petition is barred by the one-year limitation period applicable to 28 U.S.C. § 2254 petitions.  *See* 28 U.S.C. § 2244(d)(1).[2]  The evidentiary materials demonstrate that the petitioner's robbery conviction became final **after**

---

[1]Although the respondents failed to raise the statute of limitations as an affirmative defense to Curtis' habeas petition, this "court may [nevertheless] dismiss a habeas petition *sua sponte* because the limitations period of one year, under the AEDPA, has expired. *Jackson v. Sec'y for the Dept. Of Corrs.*, 292 F.3d 1347, 1349 (11th Cir. 2002)." *Day v. Crosby*, 391 F.3d 1192, 1193 (11th Cir. 2004).

[2]Subsection (d) was added by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA").  This Act became effective on April 24, 1996.

the effective date of the statute of limitations.  Thus, Curtis must have filed his § 2254 petition within a year of this conviction becoming final, exclusive of the time that any properly filed state post-conviction petition was pending in the state courts.  Curtis filed a state post-conviction petition on August 30, 2005.[3]  However, this petition did not toll the one-year period of limitation because it was filed after expiration of the limitation period and was therefore not "pending" as required by the provisions of 28 U.S.C. § 2244(d)(2) for purposes of tolling the requisite time period.  *Respondents' Answer* at 5-6; *see also Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001).

Title 28 U.S.C. § 2244(d)(1)(A) directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run on the date when the time for seeking direct review of the challenged judgment expires.  The petitioner was convicted of robbery by the Circuit Court of Montgomery County, Alabama on September 25, 2001.  The trial court imposed sentence

---

[3]Curtis certified before a notary public that he executed the Rule 32 petition on August 30, 2005. *See Respondents' Exhibit E* at 12 - *Rule 32 Petition* at 10.  Although the state court stamped this petition "filed" on September 21, 2005, it is clear that Curtis submitted the petition to prison officials for mailing prior to the date that the state court received the petition.  A pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing.  *Houston v. Lack*, 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing."  *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing.").  Consequently, the prison mailbox rule applies to pro se Rule 32 petitions filed in the state courts of Alabama.  "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the Rule 32 petition] was delivered to prison authorities the day [Curtis] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).  Thus, August 30, 2005 is the appropriate date of filing for Curtis' Rule 32 petition.

upon the petitioner for this conviction on October 10, 2001.  Curtis filed a direct appeal and

his conviction was affirmed by the Alabama Court of Criminal Appeals on April 19, 2002.

*See Respondents' Exhibit C.*  The petitioner did not further properly appeal his robbery

conviction and the certificate of judgment was therefore entered on May 7, 2002.[4]  *See*

*Respondents' Exhibit D.*

        Since the petitioner failed to seek relief from the Alabama Supreme Court, he was not

entitled to file a petition for certiorari with the United States Supreme Court and the time for

seeking review of this conviction therefore lapsed upon expiration of the time for filing a

petition for writ of certiorari with the Alabama Supreme -- fourteen (14) days from the denial

of the motion for rehearing.  Rule 39(b), *Alabama Rules of Appellate Procedure*; *see Coates*

*v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001);

*see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari

may only be filed to review a judgment or order entered by a state court of last resort and

must be filed within ninety (90) days of the action undertaken by such state court); *Jackson*

*v. Secretary for the Dept. of Corrections*, 292 F.3d 1347, 1348-1349 (11th Cir. 2002).  Thus,

the petitioner's robbery conviction became final, at the latest, on May 7, 2002-- upon

issuance of the certificate of judgment -- and the one-year limitation period contained in

section 2244(d)(1)(A) began to run on this date.

---

        [4]Where further action is not undertaken upon initial action by the appellate court, the
certificate of judgment issues eighteen (18) days after issuance of the court's opinion.  Rule 41(a),
*Alabama Rules of Appellate Procedure*.

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."  Although the petitioner filed a Rule 32 petition, this petition was not pending during the running of the limitation period as it was filed after expiration of this time period.[5] "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period.  A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."  *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *see also Tinker v. Moore*, 255 F.3d 1331, 1333 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").  It is therefore clear that the state post-conviction petition filed by Curtis on August 30, 2005 had no affect on the running of the limitation period applicable to the instant federal habeas petition.  *Webster*, 199 F.3d at 1259.  In light of the foregoing, the court concludes that the one-year period of limitation began to run for Curtis on May 7, 2002 and ran uninterrupted until it expired on May 7, 2003.      The petitioner filed his federal habeas petition on June 1, 2006.  Under the circumstances of this case as outlined in this order, the one-year period of limitation contained in 28 U.S.C. § 2244(d)(1) expired over three years prior to Curtis filing the instant

---

[5]The petitioner filed his Rule 32 petition in the state court on August 30, 2005 -- over two years after § 2244(d)'s one-year period of limitation had expired.

§ 2254 petition.  In light of the foregoing, it is

ORDERED that on or before August 21, 2006 the petitioner shall show cause why his federal habeas petition should not be denied as it was not filed within the one-year limitation period established by 28 U.S.C. § 2244(d)(1).

DONE, this 2nd day of August, 2006.


/s/ Susan Russ Walker _____
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

8