IN THE DISTRICT COURT OF THE UNITED STATES FOR THE MIDDLE DISTRICT OF ALABAMA

Curtis L. Anderson #141704
Petitioner

VS.

Gwendolyn Mosley, et al.,
Respondents.

Case 2:06-CV-512-WHA

Answer to the Court Order

Comes Now, The petitioner, Curtis L. Anderson, move into this Honorable Court pursuant to the August 2, Court order, The petitioner submit the following in support of this Answer:

1. The petitioner did argue this claim in the State Court, just see the his Rule 32 date August 30, 2005.

2. The petitioner can not be barred from review by this Court because this is a jurisdiction issue, and is not subject the Statute of Limitations, because if this petition is not hear it will be a miscarriage of justice, because the petitioner is actually innocent of Robbery in the first degree.

3. The petitioner did not file an petition to the Supreme Court in 1-30-02, because He did not know he only had 14 days, after his counsel filed an Anderson brife.

4. The petitioner submit is Arguments with this Answer, see the back for argument.

MEMORANDUM BRIEF IN SUPPORT OF PETITIONER 

**ARGUMENT**

THE TRIAL COURT WAS WITHOUT JURISDICTION TO IMPOSE SENTENCE OR JUDGEMENT AGAINST THE PETITIONER, BECUASE THE ALABAMA CONSTITUTION OF 1901, STRICTLY FORBIDDEN FOR TWO STATUTE TO BE EMBRACE OFF ONE SUBJECT WITHOUT VIOLATING THE ALABAMA CONSTITUTION OF 1901:

Petitoner argues that in constructing construing unconstutionality of a staute, a court must look to the Title and Language in the body of the law. The Codification of 13A-8-41 reads as follows:

(A) A person commits the crime of Robbery in the First Degree if he violates section 13A-8-41 and he:

(1) Is armed with a deadly weapon or dangerous instrument; or

(2) Causes serious physical injury to another...

The Petitioner contends that in the construction of the said law, the legislature created a vital mistake by not informing the reader what exactly is involved, and what constitutes a violation in 13A-8-43. The reader would then have to read another law to get the meaning of 13A-8-41. This is strictly forbidden in Article 1&45 of Ala.Const.of. 1901, Which says in pretent part "No law shall be revived, amended, or the provisions thereof extended or conferred by reference to its title only; but so much thereof as is revived, amended, or conferred, shall be Re-Enacted and Published at Lenght".

So in the essence, the legislative intent is that if you are going to refer one law to another law, then you must also include that law in its entirety in order to apprise the read of the legal intent and motive. This is clearly not what

PAGE 1

is happening here, becuase the staute does not follow the "One Subject" rule, and it fails to adequately inform the reader of what is going on within the body of the law.

In the Const.of.Ala.1901, the rule to make a law were in part... "A bill must be independant and self supporting, not embracing off another statute, and when two statute are expressed in the same statute, that said act will be tracted as viod. See Ballentyne vs.Wickersham 75 Ala.533.

The Court held in Tyson vs Johns 399 So.2d 263, that "When a statute is so misleading or uncertain that the average person reading the same would not be thoroghly informed of the purpose of the enactment, it is therefore insufficient and viod".

The Court can not rely on the fact that the petitioner was armed with a "Deadly Weapon" or Dangerous Insrtument" to support a First Degree Robbery Conviction, becuase the Court of Criminal Appeals has held that "Wielding a (GUN) constitutes both use of force and threat of force required for Third-Degree Robbery. See Dick vs State 677 So.2d 1267 (Ala.Crim. Ala.1996),:The Legislature has provied by 13A-5-6(5), that For a Class B or C felony inwhich a firearm or deadly weapon was used or attempted to be used in the commission of the felony is not less then ten (10) years. The Alabama Supreme Court has held "Section (5) of 13A-5-6 must be construed to mean that 10 years trem is both the minimum and maximum you could recevied for a Class C felony. See Smith vs.State 446 So.2d 1334-1336 (Ala.1984). Therefore because First Degree

PAGE 2

Robbery, is embrace off Third Degree Robbery, it violates Art. 1&45 of the Ala.Const.of.1901, Which says that "No law shall be revived or amended, or the provisions thereof extended or conferred by reference to it title only; but so much thereof as revived, amended, extended, or confered, shall be "Re-Enacted and Published at Length. Therefore the trial court then lacked the subject matter of jurisdiction to render judgment or impose sentencing against the petitioner for the offense of First Degree Robbery. The Alabama Supreme Court has ruled "A statute that violates the single subject requirement of the constitution is not saved by the facted that the title of the statute accuratley reflects serveral subject contained in the statute. See Opinion of Justice 511 So.2d 174 (Ala.1987).

Therefore the only way that the First Degree Robbery statute can be embrace with Third Degree Robbery is if it re-enacted and published as a whole. But because it was never re-enacted and published as a whole, then the trial court does not have jurisdiction to render judgment or impose sentencing against the petitioner for the offense of First Degree Robbery.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing upon the Distirct Attorney, by placing it into the Easterling Corr.Fac. Mail Box on _August 9_ 2006.

**RESPECTFULLY SUBMITTED**

*[signature]*

## Affidavit

I, Curtis L. Anderson to hereby sign under the penalty of persury that the above is true and correct. To the best of my knowledge. Pursuant to 28 U.S.C. Section 1746, I, Curtis L. Anderson do hereby sign under the penalty of persury that the foregoing is true and correct. Executed on 8-9-06.

*Curtis L. Anderson*

## Certificate of Service

I do hereby certify that I have served a copy of the foregoing upon the Attorney General, by placing it into Easterling Corr. Fac. Mail box on 8-9-06.

*Curtis L. Anderson*
Curtis L. Anderson