IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CURTIS L. ANDERSON, #141707, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:06-CV-512-WHA |
| ) | [WO] |
| ) | |
| GWENDOLYN MOSLEY, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION AND PROCEDURAL HISTORY**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Curtis L. Anderson ["Anderson"], a state inmate, on June 1, 2006 and amended on October 5, 2008.[1] In this petition, as amended, Anderson challenges a conviction for first degree robbery imposed upon him by the Circuit Court of Montgomery County, Alabama on September 25, 2001.[2] On October 10, 2001, the trial court sentenced Anderson as a

---

[1] These dates are the dates on which Anderson delivered the petition and amendment to prison officials for mailing. The law is well settled that a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). In light of the foregoing and for purposes of the proceedings herein, the court considers June 1, 2008 as the date Anderson filed his initial petition and October 5, 2008 as the date he filed the amendment to the petition.

[2] The indictment in this case charged "CURTIS L. ANDERSON, alias CURTIS LAMARIO ANDERSON, whose name is otherwise unknown to the Grand Jury, did, in the course of committing a theft of clothing, of some value, ... use force against the person of the owner or any person present, ... with intent to overcome their physical resistance or physical power of resistance, or threaten the imminent use of force against the person of the owner or any person present ... with intent to compel acquiescence to the taking of or escaping with the property, while the said Curtis L. Anderson, alias was armed with a deadly weapon or dangerous instrument, a gun, a better description of which is unknown to the Grand Jury, in violation of Section 13A-8-41 of the Code of Alabama."

habitual offender to life imprisonment. By operation of law, Anderson's first degree robbery conviction became final on May 7, 2002.

Pursuant to the orders of this court, the respondents filed a supplemental answer in which they argue that Anderson's federal habeas petition, as amended, is barred by the one-year period of limitation applicable to petitions filed under 28 U.S.C. § 2254. *Respondents' December 2, 2008 Supplemental Answer - Court Doc. No. 24* at 2.[3] The law directs that because Anderson's robbery conviction became final after the effective date of the federal statute of limitations Anderson must have filed his § 2254 petition within a year of this conviction's becoming final, exclusive of the time that any properly filed state post-conviction petition related to the conviction remained pending in the state courts. The evidentiary materials filed in this case establish that Anderson filed a state post-conviction

---

Under *Ala Code* § 13A-8-41(a)(1), "[a] person commits the crime of robbery in the first degree if he violates Section 13A-8-43 and he ... is armed with a deadly weapon or dangerous instrument...." Section 13A-8-41(b) of the Code further states that "[p]ossession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) ... that he is so armed." Robbery in the third degree is defined in *Ala. Code* § 13A-8-43(a) as follows:
> "A person commits the crime of robbery in the third degree if in the course of committing a theft he:
> (1) Uses force against the person of the owner or any person present with intent to overcome his physical resistance or physical power of resistance; or
>  (2) Threatens the imminent use of force against the person of the owner or any person present with intent to compel acquiescence to the taking of or escaping with the property."

[3]The federal limitation period is set forth in 28 U.S.C. § 2244(d)(1). Congress added this section upon adoption of the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). The AEDPA became effective on April 24, 1996. Regardless of the respondents' assertion of a limitation defense, a federal "district court may review *sua sponte* the timeliness of the section 2254 petition." *Jackson v. Secretary for the Department of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002). Such authority is afforded this court regardless of whether the respondents simply failed to plead the statute of limitations as an affirmative defense or made a patently erroneous concession of timeliness. *Day v. Crosby*, 391 F.3d 1192, 1194 (11th Cir. 2004), *aff'd*, *Day v. McDonough*, 547 U.S. 198, 126 S.Ct. 1675, 164 L.Ed.2d 376 (2006).

petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure on August 30, 2005.[4] However, this state post-conviction action did not toll the one-year period of limitation because Anderson filed the petition after expiration of the federal limitation period and, therefore, such action was not "pending" during the requisite time period as required by the provisions of 28 U.S.C. § 2244(d)(2) to warrant tolling. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003); *Tinker v. Moore*, 255 F.3d 1331, 1333-1335 n.4 (11th Cir. 2001); *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000). Additionally, under well settled law, Anderson's Rule 32 petition was untimely under Alabama's one-year period of limitation applicable to Rule 32 petitions filed by petitioners whose convictions became final after July 31, 2001, Rule 32.2(c), *Alabama Rules of Criminal Procedure*, and, therefore, the petition was not properly filed for purposes of statutory tolling of the federal limitation period under 28 U.S.C. § 2244(d)(2)[5] *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814

---

[4] Anderson certified before a notary public that he executed the Rule 32 petition on August 30, 2005. *Respondents' Exhibit E* at 12 - *Rule 32 Petition* at 10. Although the state court stamped this petition "filed" on September 21, 2005, it is clear that Anderson submitted the petition to prison officials for mailing prior to the date the state court received the petition. A pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston*, 487 U.S. at 271-272. "Alabama courts have [adopted this rule and] held that a pro se incarcerated petitioner/appellant is considered to have 'filed' a Rule 32 petition, a notice of appeal, or a petition for a writ of certiorari when those documents are given to prison officials for mailing." *Ex parte Allen*, 825 So.2d 271, 272 (Ala. 2002); *Holland v. State*, 621 So.2d 373, 375 (Ala.Crim.App. 1993) ("[A] pro se incarcerated petitioner 'files' a Rule 32 petition when he hands the petition over to prison authorities for mailing."). Consequently, the prison "mailbox rule" applies to *pro se* Rule 32 petitions filed in the state courts of Alabama. "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the Rule 32 petition] was delivered to prison authorities the day [Anderson] signed it....." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). Thus, August 30, 2005 is the appropriate date of filing for Anderson's Rule 32 petition.

[5] In its order denying Anderson's Rule 32 petition, the trial court held "Rule 32.2(c) bars the Constitutional claim in this petition because it was filed beyond the statute of limitations period. The sentence date was over 4

(2005) ("[I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.' ... For these reasons, we hold that time limits, no matter their form, are 'filing' conditions. Because the state court rejected petitioner's [state post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling [of the limitation period] under § 2244(d)(2).");[6] *Allen v. Siebert*, --- U.S. ---, ---, 128 S.Ct. 2, 4-5 (2007) ("When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of [tolling the limitation period under] § 2244(d)(2)."); *Sweet v. Secretary, Department of Corrections*, 467 F.3d 1311, 1317 (11th Cir. 2006) (untimely collateral motion "was not 'properly filed' under § 2244(d), and it could not toll the federal one-year period of limitation."). Hence, the respondents maintain Anderson failed to file the instant § 2254 petition prior to expiration of the one-year period of limitation.

Based on the foregoing, the court entered orders advising Anderson of his failure to file the present federal habeas action within the one-year limitation period established by 28 U.S.C. § 2241(d)(1). *Order of August 2, 2006 - Court Doc. No. 11*; *Order of December 2, 2008 - Court Doc. No. 25*. Each of the orders provided Anderson an opportunity to show

---

years ago in this case. The petitioner failed to file his claim in the prescribed time." *Respondents' Exhibit E - Court Doc. No. 10-6 at 24*. On appeal from the trial court's decision, the Alabama Court of Criminal Appeals issued a memorandum opinion in which the appellate court deemed the claim presented by Anderson "precluded [from review] because he could have raised it at trial and on direct appeal, but did not, and because [the petition] is time-barred" under Rule 32.2(c), *Alabama Rules of Criminal Procedure*. *Respondents' Exhibit H - Court Doc. No. 10-9 at 2*.

[6]In *Pace*, the Supreme Court noted that under the Alabama Rules of Criminal Procedure "a court 'shall not entertain' a time-barred petition...." 544 U.S. at 417, 125 S.Ct. at 1814, n.7.

4

cause why his federal habeas petition should not be barred from review by this court as untimely filed. In response to these orders, Anderson reiterates his claims for relief and argues this court should address the merits of these claims because he is actually innocent of first degree robbery as he "didn't have a gun nor any weapon" when he committed the crime. *Petitioner's December 10, 2008 Response - Court Doc. No. 26* at 1. Anderson also argues that the Alabama Constitution violates his equal protection rights and maintains that this court's failure to address his claims "will be discriminatory to [him]." *Id.* at 2-3.

Upon review of the pleadings filed by the parties, the undisputed state court records and applicable federal law, the court determines no evidentiary hearing is required, Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*, and concludes the present habeas petition is due to be denied as Anderson failed to file the petition within the applicable one-year period of limitation.

## II.  DISCUSSION

### A.  Actual Innocence - Independent Claim

Anderson argues he is entitled to federal habeas relief because he is actually innocent of first degree robbery. Anderson bases this assertion on his allegation that he was not armed with a gun or other deadly weapon at the time of the theft of property. Anderson also asserts he did not use or threaten the use of force against the alleged victims. The law is well settled "that '[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an

5

independent constitutional violation occurring in the underlying state criminal proceeding.' *Herrera v. Collins,* 506 U.S. 390, 400, 113 S.Ct. 853, 860, 122 L.Ed.2d 203 (1993). It is not our role to make an independent determination of a petitioner's guilt or innocence based on evidence [presented at trial or evidence] that has emerged since the trial. 'This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution--not to correct errors of fact.' *Id.*" *Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002). Thus, Anderson is entitled to no relief from this court on his independent claim of actual innocence.

### B. Actual Innocence - Gateway to Excuse Time Bar

This court must determine whether Anderson has made a showing of actual innocence before addressing whether the claims for federal habeas relief are barred by the statute of limitations. *Wyzykowski v. Department of Corrections*, 226 F.3d 1213, 1218 (11th Cir. 2000). "To establish actual innocence, [a habeas petitioner] must demonstrate that ... 'it is more likely than not that no reasonable [trier of fact] would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "[T]he *Schlup* standard is demanding and permits review only in the '"extraordinary"' case." *House v. Bell*, 547 U.S. 518, 538, 126 S.Ct. 2064, 2077 (2006). Thus, "[i]n the usual case the presumed guilt of a prisoner convicted in state court counsels against federal review of [untimely] claims." *Id.* at 537. "It is important to note in this regard that 'actual innocence' means factual innocence, not

mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Bousley*, 523 U.S. at 623-624; *Doe v. Menefee*, 391 F.3d 147, 162 (2nd Cir. 2004) ("As *Schlup* makes clear, the issue before [a federal district] court is not legal innocence but factual innocence."). *Schlup* observes that "a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.... To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." 513 U.S. at 324.

At trial, one of the victims testified that during the commission of a theft of clothing from Weil's Clothing by Anderson she saw the handle of a gun protruding from Anderson's pants and observed Anderson place his hands on the gun. *Respondents' Exhibit A - Court Doc. No. 10-2* at 83-85. This witness also testified that Anderson repeatedly threatened to "blow [her] f----ing brains out[,]" an act she believed Anderson capable of committing. *Id*. Two other eyewitnesses likewise testified that Anderson threatened to blow their heads off and each admitted they believed this a credible threat causing them to fear for their lives. *Id*. at 100-102, 115-117. These witnesses also stated they believed Anderson possessed a weapon at the time he committed the theft of property from Weil's Clothing. *Id*.

Anderson again proceeds on his conclusory allegation that he is actually innocent

7

of robbery because he did not possess a gun or other weapon during the commission of the crime. This is the same argument Anderson which presented at trial and the jury rejected.[7] Anderson further alleges he did not use nor threaten the use of force against either of the victims named in the indictment with the requisite intent to escape with the property. Based on these arguments, Anderson asserts the crime he committed is merely theft of property. These assertions, however, do not constitute "new reliable evidence" of Anderson's actual innocence nor has Anderson demonstrated that any such evidence exists to establish his actual innocence so as to meet the standard set forth by *Schlup*. The instant petition for federal habeas corpus relief is therefore properly analyzed under the provisions of 28 U.S.C. § 2244(d)(1)(A).

### C. The Federal Period of Limitation

The Anti-Terrorism and Effective Death Penalty Act of 1996 became effective on April 24, 1996 and amended the habeas corpus statute to include a one-year period of limitation on petitions filed pursuant to 28 U.S.C. § 2254. This limitation period is codified at 28 U.S.C. § 2244(d) and provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[7]The trial court charged the jury on third degree theft of property, third degree robbery and first degree robbery. *Respondents' Exhibit A - Court Doc. No. 10-2* at 140. After hearing all the evidence, the jury rejected all arguments presented by the defense and convicted Anderson of first degree robbery.

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute clearly directs that the limitation period for filing a 28 U.S.C. § 2254 petition begins to run at the conclusion of direct review or upon expiration of the time for seeking direct review, whichever is later. Where a petitioner preserves his right to file a petition for writ of certiorari in the United States Supreme Court, the statute of limitations is tolled during the ninety-day period in which such action may be undertaken. *Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000) ("A judgment does not become 'final by the conclusion of direct review or by the expiration of the time for seeking such review,' *see* 28 U.S.C. § 2244(d)(1)(A), until the Supreme Court has had an opportunity to review the case or the time for seeking review has expired."). Accordingly, a state court judgment of conviction becomes final under 28 U.S.C. § 2244 when the United States Supreme Court denies certiorari, the time to apply for certiorari expires or this avenue of relief no longer exists. *Id.*

The Circuit Court of Montgomery County, Alabama convicted Anderson of first degree robbery on September 25, 2001. The trial court imposed sentence upon Anderson for this conviction on October 10, 2001. Anderson filed a direct appeal of his robbery conviction and the Alabama Court of Criminal Appeals entered an unpublished memorandum opinion affirming this conviction on April 19, 2002. *Respondents' Exhibit C - Court Doc. No. 10-4.* Anderson did not further appeal his conviction and the appellate court therefore issued the certificate of judgment on May 7, 2002. *Respondents' Exhibit D - Court Doc. No. 10-5.*[8] Since Anderson failed to pursue the direct appeal process fully, he relinquished his right to file a petition for certiorari with the United States Supreme Court and the time for seeking review of his robbery conviction therefore lapsed upon expiration of the time for filing an application for rehearing in the appellate court -- fourteen (14) days after rendition of judgment by that court on April 19, 2002. Rule 40(c), *Alabama Rules of Appellate Procedure*; *see Coates v. Byrd*, 211 F.3d 1225 (11th Cir. 2000), *cert. denied*, 531 U.S. 1166, 121 S.Ct. 1129 (2001); *see also* Rule 13.1, *Rules of the United States Supreme Court* (a petition for writ of certiorari to the United States Supreme Court may only be filed to review a judgment or order entered by a state court of last resort and must be filed within ninety (90) days of the action undertaken by the aforementioned state court). Thus, Anderson's conviction for first degree robbery became final, at the latest, on May 7, 2002,

---

[8] Where further action is not undertaken upon a ruling by the Alabama Court of Criminal Appeals, the appellate court issues the certificate of judgment eighteen (18) days after entry of the court's opinion. Rule 41(a), *Alabama Rules of Appellate Procedure*.

10

upon entry of the certificate of judgment, and the one-year period of limitation contained in section 2244(d)(1)(A) began to run no later than May 8, 2002. In the absence of statutory tolling under 28 U.S.C. § 2244(d)(2) or equitable tolling, the limitation period expired on May 8, 2002.

      **1. <u>Equitable Tolling of the Limitation Period</u>**. Case law directs that the limitation period "may be equitably tolled" on grounds apart from those specified in the habeas statute "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999); *see also Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000); *Knight v. Schofield,* 292 F.3d 709, 711 (11th Cir. 2002). "Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. United States District Court,* 128 F.3d 1283, 1288 (9th Cir.1997). Such tolling applies only in truly extraordinary circumstances. *Jones v. United States*, 304 F.3d 1035, 1039-1040 (11th Cir. 2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286 (11th Cir. 2002). "The burden of establishing entitlement to this extraordinary remedy plainly rests with the petitioner." *Drew*, 297 F.3d at 1286; *see Helton v. Secretary for the Dept. of Corrections*, 259 F.3d 1310, 1313-1314 (11th Cir. 2001), *cert. denied*, 535 U.S. 1080, 122 S.Ct. 1965, 152 L.Ed.2d 1025 (2002).

      Anderson presents no arguments relative to equitable tolling. Moreover, a thorough

review of the record establishes that Anderson has not set forth the existence of any extraordinary circumstance that prevented him from filing a timely habeas petition. Additionally, Anderson presents nothing which demonstrates that he exercised diligence in pursuing his claims for relief before this court in a § 2254 petition. The record is therefore devoid of evidence that Anderson's delay in filing the instant § 2254 petition resulted from extraordinary circumstances beyond his control and unavoidable with the exercise of diligence. *Drew*, 297 F.3d at 1290; *Jones v. Morton*, 195 F.3d 153, 159 (3rd Cir. 1999). Thus, this court "cannot say that [Anderson] has acted with the 'conscience, good faith, and reasonable diligence' necessary 'to call into action the powers of the court.' This conclusion is based on the longstanding, firmly rooted principle that a court cannot grant equitable tolling unless it is satisfied that the party seeking such relief has acted with diligence." *Drew*, 297 F.3d at 1291 n.5. Consequently, Anderson is not entitled to equitable tolling of the limitation period.

**2. Statutory Tolling of the Limitation Period**. Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section." Although Anderson filed a state post-conviction petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure on August 30, 2005, this collateral action did not warrant statutory tolling of the federal limitation period as Anderson failed to properly file this Rule 32 petition, i.e.,

Anderson did not file the petition within the applicable one-year period of limitation established under state law. *See* Rule 32.2(c), *Alabama Rules of Criminal Procedure* (as amended March 22, 2002, effective August 1, 2002) ("[T]he court shall not entertain any petition for relief from a conviction or sentence ... unless the petition is filed ... within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals."). With respect to Anderson's robbery conviction, the date on which the Alabama Court of Criminal Appeals issued the certificate of judgment – the triggering date – occurred on May 7, 2002, and Anderson had "one year from the triggering date within which to file a postconviction petition pursuant to Rule 32, Ala. R. Crim. P." *Id. - Court Comment of January 27, 2004 - Amendment to Rule 32.2 Effective August 1, 2002* at (3). Thus, Anderson failed to file his Rule 32 petition within the time prescribed by state law and the state courts which addressed the Rule 32 petition denied the petition on this ground.

"For purposes of determining what are 'filing' conditions, there is an obvious distinction between time limits, which go to the very initiation of a petition and a court's ability to consider that petition, and the type of 'rule of decision' procedural bars at issue in *Artuz [v. Bennett*, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000)], which go to the ability to obtain relief.... [I]t must be the case that a petition that cannot even be initiated or considered due to the failure to include a timely claim is not 'properly filed.'... For these reasons, we hold that time limits, no matter their form, are 'filing' conditions. Because the

state court rejected petitioner's [state post-conviction] petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling [of the limitation period] under § 2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 1814 (2005). The Supreme Court, when again called upon to determine whether an untimely state post-conviction petition constitutes a "properly filed" action under 28 U.S.C. § 2244(d)(2), emphatically held:

> "When a postconviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)." 544 U.S. at 414, 125 S.Ct. 1807.... Because [petitioner's] petition for state postconviction relief was rejected as untimely by the Alabama courts, it was not "properly filed" under § 2244(d)(2). Accordingly, he was not entitled to tolling of AEDPA's 1-year statute of limitations.

*Allen v. Siebert*, ___ U.S. at ___, 128 S.Ct. at 4-5.

In addition, Anderson's Rule 32 petition did not affect the running of the federal limitation period applicable to the instant habeas action because Anderson filed the petition after the federal limitation period had expired.[9]  "[E]ven 'properly filed' state-court petitions must be 'pending' [during the one-year period of limitation] in order to toll the limitations period. A state court petition ... that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 531 U.S. 991, 121 S.Ct. 481, 148 L.Ed.2d 454 (2000); *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003)

---

[9] Anderson filed his Rule 32 petition in the Circuit Court of Montgomery County, Alabama on August 30, 2005 -- over two years after § 2244(d)'s one-year period of limitation had expired.

14

("The plain language of the statute provides for tolling '[t]he time during which a properly filed application for State post-conviction or other collateral review ... is pending.' 28 U.S.C. § 2244(d)(2). While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations once the limitations period has expired. In other words, the tolling provision does not operate to revive the one-year limitations period if such period has expired."); *Tinker v. Moore*, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

For the foregoing reasons, Anderson is not entitled to statutory tolling of the federal limitation period during the pendency of his Rule 32 petition.

**3. Expiration of the Limitation Period**. Anderson's robbery conviction became final on May 7, 2002. The record before this court is devoid of any basis for either statutory or equitable tolling of the limitation period with respect to its running after Anderson's conviction became final. The limitation period therefore began to run May 8, 2002 and ran interrupted without either statutory or equitable tolling until its expiration on May 8, 2003. Anderson filed the instant petition for federal habeas relief on June 1, 2006, over 3 years after expiration of the federal limitation period, and the amendment to the petition on October 5, 2008, well over 5 years after expiration of the requisite period of limitation. Anderson has failed to demonstrate that this federal habeas petition should not be dismissed as untimely filed.

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.  The 28 U.S.C. § 2254 petition for habeas corpus relief filed by Curtis L. Anderson be denied as Anderson failed to file the petition within the one-year period of limitation set forth in 28 U.S.C. § 2244(d)(1).

2.  This case be dismissed with prejudice.

It is further

ORDERED that on or before February 11, 2009 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981,

*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 29th day of January, 2009.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE